Steve A. HALLOWELL and Lorraine V. Hallowell, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 84–4185.

United States Court of Appeals, Fifth Circuit.

Sept. 25, 1984.

Steve A. Hallowell, pro se, Lorraine V. Hallowell, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Carleton D. Powell, Terry L. Fredricks, Tax Div., Joel Gerber, Acting Chief Counsel, I.R.S., John H. Menzel, Dir., Tax Lit. Div. Dept. of Justice, Washington, D.C., for respondent-appellee.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

PER CURIAM:

■ Once again, this Court encounters a frivolous tax appeal. We affirm the Tax Court's judgment in favor of the Commissioner of Internal Revenue (Commissioner) and assess sanctions against the taxpayers.[1]

During 1979, Mr. Hallowell was employed on at least two occasions by Bectel Power Corporation. In connection with these jobs, Mr. Hallowell received wages in the total amount of $5,082.53. Mr. Hallowell was also employed during 1979 by Ebasco Services, Inc., and received wages in connection with this job in the total amount of $9,719.90. Mrs. Hallowell was employed during 1979 by Olsten Temporary Services and Adia Services, Inc. Mrs. Hallowell received a total of $44.38 from these two jobs.

Although the Hallowells had filed what were apparently proper federal income tax returns reporting their joint wages, sole proprietorship income, and tax liabilities for their 1976, 1977 and 1978 tax years, the Hallowells filed a protest type return for their 1979 tax year. Thus for 1979, the Hallowells filed a federal Form 1040 which, save for their names, address, and filing status, contained the words "object: self incrimination" or "none" on all the lines relevant to determining their correct tax liability. The Hallowells did not file or submit for filing any other return with respect to their 1979 tax year.

Subsequently, the Internal Revenue Service (IRS) determined that it was necessary to conduct an audit of the Hallowells' books and records. But, despite repeated requests from IRS agents, Mr. Hallowell refused to produce any books, records, or other information with respect to their 1979 tax liability. Nevertheless, pursuant to an audit of the Hallowells' bank accounts, the IRS found that taxpayers had received a total of $17,167.56 in unexplained funds in addition to the wages outlined above. The Commissioner thus determined that the Hallowells had received a total of $32,014.37 in taxable income during 1979.

Accordingly, on November 12, 1982, the Commissioner of Internal Revenue sent separate deficiency notices to both taxpayers with respect to their 1979 tax year. Because taxpayers were residents of Texas, a community property state, the Commissioner determined in these notices that each was taxable on one-half of the community income. The Commissioner also determined that Mr. Hallowell was liable for self-employment taxes on the $17,167.56 in unexplained funds. The Commissioner also assessed penalties for failure to file a timely return, negligence or intentional disregard of tax rules and regulations, and failure by an individual to pay the estimated income tax. *See* 26 U.S.C. §§ 6651(a), 6653(a), 6654(a).

On January 3, 1983, the Hallowells filed a joint petition in the United States Tax Court seeking a redetermination of the amount determined to be owing. The Commissioner filed an answer generally denying most of the assertions made by taxpayers and affirmatively asserting that Mr. Hallowell was liable for higher penalties on the basis that a part of the underpayment of tax was due to fraud.

1. This appeal is limited to the Hallowells' suit challenging the determination of their tax for the 1979 tax year. A separate suit challenging the determinations for the 1980 and 1981 tax years, was consolidated for trial, briefing, and opinion. The Hallowells filed a notice of appeal as to the first suit. A notice of appeal to the first suit is not a notice of appeal to the latter suit under these circumstances. *See Oelze v. Commissioner,* 723 F.2d 1162, 1163 (5th Cir. 1983).

On October 24, 1983, the cases were called for trial. The Hallowells argued that they were entitled to rely on their fourth and fifth amendment rights. They stated that they did not intend to offer any evidence.

On October 31, 1983, the Tax Court delivered an oral opinion from the bench. The Tax Court upheld the deficiencies for the 1979 year and found that the Commissioner had met his burden of proving that at least a portion of the underpayment of taxes due from Mr. Hallowell was due to fraud. Accordingly, the Tax Court upheld the deficiencies in tax and additions to tax, including the addition asserted against Mr. Hallowell for fraud. The Hallowells appeal from this judgment.

■■■ The Hallowells contend on their first two points of error that they do not owe the amount of the deficiency or the penalties since their refusal to complete the Form 1040 and to testify or produce documents was based on their assertion of the fourth amendment and the fifth amendment privilege against self-incrimination. This argument is without even a semblance of merit. The Tax Court correctly found that the Hallowells' fifth amendment rights against self-incrimination had not been violated. "The fifth amendment privilege against self-incrimination protects an individual from being compelled to disclose information that could reasonably be expected to furnish evidence needed to prosecute the claimant for a crime." *Steinbrecher v. Commissioner*, 712 F.2d 195, 197 (5th Cir. 1983). The privilege is applicable only in those situations involving real dangers of self-incrimination. *Moore v. Commissioner*, 722 F.2d 193, 195 (5th Cir.1984). The Hallowells alleged no circumstances which support their contention that their fifth amendment rights were implicated. In-

stead, they assert that civil tax investigations often lead to criminal prosecutions and that therefore the fifth amendment is implicated. This Court has already rejected similar frivolous claims, and repetition of this analysis is unnecessary. *See Steinbrecher*, 712 F.2d at 197–199. The Hallowells' fourth amendment claim is similarly without merit.

■■■ The Hallowells' remaining contentions—that Congress is not authorized to impose a tax upon income, that the sixteenth amendment does not contemplate wages to be includable in the definition of income, and that taxpayers are entitled to exclude the cost of maintaining their well-being from amounts received as compensation for labor—are equally without merit.[2]

■■■ The IRS has asked us to impose sanctions against the Hallowells for bringing this frivolous appeal. *See* Fed.R. App.P. 38. This Court recently stated that "we are not obliged to suffer in silence the filing of baseless, insupportable appeals presenting no colorable claims of error and designed only to delay, obstruct, or incapacitate the operations of the courts or any other governmental authority." *Crain*, at 1418. This statement aptly describes this appeal. Indeed, Mr. Hallowell even noted in the Tax Court that the arguments that he was advancing in this case had been routinely rejected as frivolous.

Accordingly, the United States shall recover twice the cost of this appeal from the Hallowells. In addition this Court assesses against the Hallowells a damage award of $2000 in favor of the United States. *See Crain*, at 1418; *Little v. Commissioner*, 741 F.2d 1379 (5th Cir.1984). The judgment of the Tax Court is

AFFIRMED.

2. "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *Crain v. Commissioner*, 737 F.2d 1417 at 1417 (5th Cir.1984).

In addition, the Hallowells belatedly attempt to argue in their reply brief that there was insufficient evidence to support the Tax Court's imposition of a higher penalty for fraud. This argument, too, is without merit. Mr. Hallowell filed false Forms W–4 with his employers beginning in June 1979. This, along with other evidence, supported the Tax Court's conclusion.