**Wayne Marshall WRIGHT, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.**

No. 84–4470
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 11, 1985.

Wayne Marshall Wright, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Jonathan S. Cohen, Thomas A. Gick, Attys., Tax Div., Dept. of Justice, Fred T. Goldberg, Jr., Chief Counsel, I.R.S., Washington, D.C., for defendant-appellee.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

TATE, Circuit Judge:

The taxpayer-petitioner Wayne Marshall Wright appeals pro se from an order and decision of the United States Tax Court regarding income tax deficiencies and additions to tax for the tax year 1981.[1] Wright challenges the Tax Court's order and decision on two grounds. First, he contends that the Tax Court improperly rejected his

---

1. Wright filed two petitions in the Tax Court, one for the tax year 1980 and one for the tax year 1981. Each received a separate case number. The Tax Court, by order dated December 15, 1983, consolidated the cases "for purposes of trial, briefing and opinion."

In his notice of appeal, Wright specifies only the case concerning the 1981 tax year. He has not filed a notice of appeal from the Tax Court's decision in the case concerning the 1980 tax year. Therefore, the only case before us for review is the one concerning the 1981 tax year. *Hallowell v. Commissioner,* 744 F.2d 406, 407 n. 1 (5th Cir.1984).

assertion of his fifth amendment right not "to be a witness against himself." Second, he contends that the Tax Court unconstitutionally placed upon him the burden to prove that the Commissioner of Internal Revenue erroneously calculated his 1981 income tax deficiencies. We reject these contentions, and, finding them frivolous, we award the Commissioner double costs and damages (attorney's fees).

## I.

Wright filed a protestor-type tax return for the tax year 1981. The return showed Wright's name and address, but nothing more. On every other line of the return Wright placed the word "object." This apparently indicated a fifth amendment objection to compulsory incriminating testimony.

The Commissioner computed Wright's tax liability for the tax year 1981 by reference to "W-2 forms" submitted by Wright's employers to report his 1981 earnings. These forms indicated gross earnings of $27,970.84. To this figure the Commissioner added $1,640.00 that Wright received as unemployment compensation in 1981. Using these figures, and granting right the personal exemption to which he was entitled, the Commissioner determined that Wright was liable for a tax deficiency of $7,274.00, a delinquency addition to tax of $1,818.50, and a negligence addition to tax of $363.70. On May 18, 1983, the Commissioner issued a notice of deficiency to Wright informing him of his liability.

On August 1, 1983, Wright filed in the Tax Court a petition for redetermination of tax. In essence, the petition asserted that the Commissioner improperly computed his 1981 tax liability and that the Commissioner's computation of his tax liability violated the fifth amendment rights he asserted on his 1981 "return."

The Tax Court conducted a trial on Wright's petition on January 24, 1984. Wright appeared but, persisting in asserting a fifth amendment objection, presented no evidence of any kind.

THE COURT: You don't seem to understand, Mr. Wright, that the respondent has made his determinations of income as shown in the statutory notice. Now if you feel those are incorrect the burden is on you now at this time to show that they are incorrect. Now is the time to do it.

MR. WRIGHT: Your Honor, I rely on my Fifth Amendment rights.

THE COURT: I don't know what that means. You're here in this court. You brought this case. You have the burden of proof on the issues that are presented in this case. If you don't wish to go ahead and try your case, that is all right with me, but I want you to very clearly understand that the ball is in your court at this moment.

MR. WRIGHT: That is—any information I give to prove my deductions could and would be used against me.

THE COURT: It is up to you. I am not requiring you to give any evidence.

MR. WRIGHT: I have nothing else to say then.

THE COURT: You rest? You have nothing to offer? I want the record to be clear, Mr. Wright. Are you declining to put on any evidence?

MR. WRIGHT: No, sir, I have no evidence.

On April 11, 1984, the Tax Court issued a memorandum opinion and an order and decision dismissing Wright's petition and adjudging the deficiencies and additions detailed above. The Tax Court also awarded $2,000 damages to the United States, pursuant to 26 U.S.C. § 6673.[2]

---

**2.** 26 U.S.C. § 6673 provides:
Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.

## II.

 Recognizing that the established rule required him to prove the Commissioner's error in the computation of his 1981 tax liability, Wright contends that it nevertheless was error for the Tax Court to require him to discharge his burden once he asserted a fifth amendment objection. The Tax Court concluded (in its memorandum opinion) that Wright's fifth amendment claim was "groundless" and that he "had no reasonable basis for asserting" it. We agree.

On his 1981 "return," Wright specified no possible reason why providing the information requested would be directly or indirectly incriminating. In the papers filed in the Tax Court, Wright indicated only that the criminal statutes of the United States are many, that any citizen could be prosecuted criminally under these statutes, and that he stood an especially good chance of prosecution because he was a so-called "tax protester." Shortly before trial, Wright expanded on these assertions with an affidavit stating that he had been interviewed by two Special Agents of the Internal Revenue Service who advised him that he was under criminal investigation.

At trial, the Commissioner produced as a witness the regional group manager of the Criminal Investigations Division. The regional group manager testified without contradiction or impeachment that he would know if Wright ever had been the subject of a criminal investigation and that, in fact, Wright never had been. Wright specifically declined to present any evidence on this issue or on the way his evidence might incriminate him. Accordingly, the Tax Court found "that there is no evidence that this petitioner is presently under criminal investigation, nor that any is contemplated."

Wright thus gave the Tax Court no indication how tax information he could present might be used directly or indirectly in a criminal prosecution of him. Nor did Wright present an iota of evidence from which to infer the possibility of criminal prosecution. Finally, it was not readily apparent from the nature of the inquiry before the Tax Court that Wright would incriminate himself by going forward with evidence to show the Commissioner's error in computing his 1981 tax liability. Clear authority demonstrates that, on this record, Wright's assertion of a fifth amendment privilege was—and is—frivolous. *Hallowell v. Commissioner,* 744 F.2d 406, 408 (5th Cir.1984);[3] *Steinbrecher v. Commissioner,* 712 F.2d 195, 197–98 (5th Cir.1983).[4]

## III.

 Wright also claims that he was denied due process of law because the Tax Court required him—and not the Commissioner—to bear the burden of proof at his trial. The arguments Wright offers in support of this position, to the extent they are understandable, are patently frivolous. "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *Crain v. Commissioner,* 737 F.2d 1417, 1417 (5th Cir.1984).

## IV.

 The Commissioner requests sanctions against Wright for bringing this frivolous appeal. If an appeal is frivolous, the

---

**3.** What we said in *Hallowell* is applicable here: [Petitioners] assert that civil tax investigations often lead to criminal prosecutions and that therefore the fifth amendment is implicated. This Court has rejected similar frivolous claims, and repetition of this analysis is unnecessary.
*Hallowell v. Commissioner,* 744 F.2d at 408.

**4.** Even disregarding the absence of a factual basis for Wright's assertion of the fifth amendment privilege, the privilege nevertheless, in a proceeding in the Tax Court, does not permit a petitioner to withhold all evidence but at the same time to attack the Commissioner's computation of his tax liability. In attacking that computation, the petitioner has the burden of proof in a proceeding that he has initiated. He cannot attack with a fifth amendment claim, but must do so with evidence. Otherwise, the Tax Court is justified in dismissing his petition, as it did here. *Steinbrecher v. Commissioner,* 712 F.2d 195, 198 (5th Cir.1983).

court "may award just damages and single or double costs to the appellee." Fed.R. App.P. 38. Allowable damages consist of "the Commissioner's reasonable attorney's fees (under which, as in private practice fees, attributable normal overhead expenses would be subsumed)." *Knoblauch v. Commissioner,* 749 F.2d 200, 202 (5th Cir.1984). We have informed taxpayers of our intent to apply Fed.R.App. 38. *Id.; Parker v. Commissioner,* 724 F.2d 469, 472 (5th Cir.1984); *Lonsdale v. Commissioner,* 661 F.2d 71, 72 (5th Cir.1981).

The record discloses that Wright repeatedly was informed of the frivolousness of his position. He was so informed by the papers filed by the Commissioner in the Tax Court and by the Tax Court itself in a prior matter and in this one. Moreover, ample legal authority discloses the frivolous nature of Wright's arguments, and Wright's own submissions in the Tax Court and in this court consist principally of rambling irrelevancies.

We therefore award the Commissioner double costs and reserve to the Commissioner the right by timely petition to have this court fix his reasonable attorney's fees as damages for this frivolous appeal.

## V.

For the foregoing reasons, the order and decision of the Tax Court is affirmed, and the Commissioner's request for costs and damages is granted.

AFFIRMED.