**Charles W. and Marlene D. STELLY,**
**Petitioners-Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 84–4782**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 3, 1985.

Charles W. Stelly and Marlene D. Stelly, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Carleton D. Powell, William A. Whitledge, Attys., Tax Div., Dept. of Justice, Robert P. Ruwe, Acting Director, IRS, Tax Litigation Div., Washington, D.C., for respondent-appellee.

Before CLARK, Chief Judge, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

## I

The Stellys appeal the United States Tax Court's decision assessing a deficiency and penalty against the taxpayers. Based on the frivolous nature of their contentions, we dismiss this appeal and tax double costs and reasonable attorney's fees against the Stellys.

## II

On their 1980 return, the Stellys reported almost $40,000 in wages and $1,847.55 in interest income. They failed, however, to report approximately $2,300 of their inter-

est income. The IRS issued to the Stellys a notice of the deficiency assessing $948 additional tax due on the interest income.

The Stellys petitioned the Tax Court for a redetermination of the deficiency, claiming that inflation erroded the real value of their income. They also filed three amended returns for 1980. Each amended return omitted any wage or salary income, because the Stellys alleged that the tax on wages was unconstitutional. The IRS assessed three $500 penalties against the Stellys for filing frivolous returns. *See* 26 U.S.C. § 6702. The award of these penalties is not before this court. *See* 26 U.S.C. § 6703(b) & (c), nor is the tax due, if any, on the income from wages.

The IRS moved for summary judgment in July, 1984. The court scheduled a hearing on this motion for September 5, 1984 in Washington, D.C. The Stellys responded and petitioned for a change of venue to Houston, Texas. The court held the hearing as scheduled, denied the Stellys' venue motion, and granted summary judgment for the IRS, sustaining the deficiency assessed against the taxpayers. The Stellys now appeal, appearing pro se, as they have throughout this case.

### III

The thrust of the Stellys' argument is that taxing their wage and salary income is unconstitutional. They contend that the sixteenth amendment only authorizes taxes on "gain," not income. They assert that compensation for labor is not gain because it is an even exchange; the employee provides services equal in value to the wage earned. Only extra compensation, such as a bonus, would be taxable as a gain. They continue their argument by noting that if they persuade this court in the above argument, then a fact issue remains concerning the amount of a refund due them, precluding summary judgment.

■ The frivolity of this argument is patently obvious, and the other contentions raised in the Stellys' briefs are equally meritless. It is clear beyond peradventure that the income tax on wages is constitu-

tional. *See e.g., Commissioner v. Glenshaw Glass Co.,* 348 U.S. 426, 430, 75 S.Ct. 473, 476, 99 L.Ed. 483 (1955); *Eisner v. Macomber,* 252 U.S. 189, 207, 40 S.Ct. 189, 193, 64 L.Ed. 521 (1919); *Brushaber v. Union Pacific Railroad Co.,* 240 U.S. 1, 12, 36 S.Ct. 236, 239, 60 L.Ed. 493 (1916); *Perkins v. Commissioner,* 746 F.2d 1187, 1188 (6th Cir.1984); *Granzow v. Commissioner,* 739 F.2d 265, 267–68 (7th Cir.1984); *Crain v. Commissioner,* 737 F.2d 1417 (5th Cir.1984); *Funk v. Commissioner,* 687 F.2d 264, 265 (8th Cir.1982); *Lonsdale v. Commissioner,* 661 F.2d 71, 72 (5th Cir. 1981); *United States v. Romero,* 640 F.2d 1014, 1016 (9th Cir.1981); *Broughton v. United States,* 632 F.2d 706, 707 (8th Cir. 1980), *cert. denied,* 450 U.S. 930, 101 S.Ct. 1390, 67 L.Ed.2d 363 (1981); *United States v. Francisco,* 614 F.2d 617, 619 (8th Cir. 1980), *cert. denied,* 446 U.S. 922, 100 S.Ct. 1861, 64 L.Ed.2d 278 (1980); *United States v. Russell,* 585 F.2d 368, 370 (8th Cir.1978); *United States v. Porth,* 426 F.2d 519, 523 (10th Cir.1970), *cert. denied,* 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970); *Acker v. Commissioner,* 258 F.2d 568, 574–76 (6th Cir.1958), *aff'd,* 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed.2d 127 (1959).

Every court that has addressed the issue of the constitutionality of the income tax on wages, 28 U.S.C. § 61(a), has held the statute valid. The Stellys' contention to the contrary is frivolous.

### IV

■ Sanctions are appropriate when a frivolous appeal is brought, pursuant to Fed.R.Ap.P. 38, and for appeals from the tax court, under 26 U.S.C. § 7482(c)(4). *See* H.R.Rep. No. 1, 69th Cong., 1st Sess. at 19 (1939–1 Cum.Bull. (pt. 2) 315, 328). *Cf.* Fed.R.Civ.P. 11. These sanctions may include single or double costs as well as reasonable attorney's fees. *Wright v. Commissioner,* 752 F.2d 1059, 1062 (1985); *Knoblauch v. Commissioner,* 749 F.2d 200, 202 (5th Cir.1984) *(Knoblauch I); Hagerty v. Succession of Clement,* 749 F.2d 217 (5th Cir.1984) (and cases cited therein). Even greater sanctions may be imposed

under appropriate circumstances. *Granzow, supra,* at 270. Frivolous appeals unjustly burden the resources of the court and the government. The devotion of limited resources and time to these meritless cases causes deserving litigants to wait. In addition, the opposite party is delayed in receiving the just benefits of the trial court's judgment until the appeal is concluded. Justice delayed is justice denied. Sanctions are imposed to deter such suits.

All citizens have the right to litigate with their government and the right to appeal any adverse decision of a trial court. We do not lightly impose sanctions for invoking the right of appeal. Many such reviews that are eventually determined to be without merit are commenced in good faith with a reasonable belief that they are currently supported by existing law, or justify an extension, modification or reversal of the current law. *Crain, supra,* at 1418. In contrast, we only impose sanctions when a meritless appeal is frivolous—when the claim advanced is unreasonable, or it is not brought with a reasonable good faith belief that it is justified. *Cf. Hagerty, supra,* at 222 ("An appeal is frivolous when it involves legal points not arguable on their merits.") Such is the case in the present appeal in light of the overwhelming and longstanding precedent refuting appellants' arguments.

Only one matter prompts any hesitation in imposing sanctions. That is that the Stellys appear pro se. Although a court can demand a higher degree of responsibility from members of the bar, litigants cannot be treated as free to advance frivolous claims merely because they appear without counsel. Where pro se litigants are warned that their claims are frivolous, as were the Stellys, and where they are aware of the ample legal authority holding squarely against them, then sanctions are appropriate. *See Wright, supra,* at 1062–63; *Perkins, supra,* at 1188–89; *Lonsdale, supra* at 72.

The Stellys demonstrated facility in legal research by citing numerous precedent, spanning the period from the words of Chief Justice John Marshall in 1829 to those of this court as late as February of this year. We have no doubt, then, that the Stellys were thoroughly familiar with the precedent which uniformly denied validity to their position. In addition, the IRS and tax court informed them of the frivolous nature of their claims.

█ In the interest of justice we dismiss this appeal, *see* Fed.R.Ap.P., Loc.R. 42.2, and impose double costs and attorney's fees on the Stellys for bringing a frivolous appeal. Fed.R.Ap.P. 38. Rather than calculate the amount of those attorney's fees, however, we remand to the tax court to make this determination. *Knoblauch v. Commissioner of Internal Revenue,* 752 F.2d 125 (5th Cir.1985) *(Knoblauch II),* does not prohibit this remand. In *Knoblauch II,* this court departed from our "preferred procedure ... to remand for the determination of the amount of such an award," *id.* at 128 n. 4, stating that the appeal was from the tax court instead of the district court. *Knoblauch II,* however, did not establish a different procedure for determining attorney's fees in all tax court cases from that applicable in district court cases. The panel merely exercised its discretion to determine the amount of those fees itself rather than remand the issue. The panel in *Knoblauch I, supra* at 203, had directed the Commissioner to file the supporting documents to his motion for attorney's fees with the appellate court. The Commissioner submitted those documents to that court, and Knoblauch did not contest the Commissioner's calculations. Thus, the panel deemed it more expedient to compute the fee, pursuant to our Local Rule 47.8.1, rather than to remand.

In contrast, we have not yet received affidavits and calculations from the Commissioner to support an attorney's fee award. Due to the tax court's superior fact finding capability, we remand to that court to calculate the amount of the Commissioner's reasonable attorney's fees. The Stellys' petition for "reasonable litiga-

tion costs" is frivolous and is hereby denied.

DISMISSED and REMANDED for a HEARING to DETERMINE ATTORNEY'S FEES.