Kenneth J. MASAT, and Carole Magaha
Barnes, Formerly Known As Lana
C. Masat, Plaintiffs-Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Defendant-Appellee.

No. 85–4426
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 31, 1986.

Kenneth J. Masat, pro se.

Fred T. Goldberg, Chief Counsel, I.R.S., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Richard W. Perkins, Mary Frances Clark, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

An airline pilot appeals a Tax Court decision sustaining the assessment of income tax deficiencies against him and his ex-wife. The Tax Court disallowed certain deductions claimed by the taxpayer and his wife for the calendar years 1976 and 1977.

Conceding that the Income Tax Regulations have changed with regard to deductability of flight-training expenses, the Commissioner agrees that the Tax Court opinion should be reversed insofar as these expenses were disallowed. We therefore remand for the purpose of recomputation of the amount due by the taxpayer with regard to this item. We find, however, that the Tax Court properly disallowed deductions claimed for farm expenses, miscellaneous expenses, and losses. We also find that the additions to tax assessed for underpayment due to negligence or intentional disregard of the Internal Revenue rules and regulations were correctly sustained. Accordingly, we affirm in part, reverse as to disallowance of the flight-training expenses, and remand for entry of a revised judgment.

I.

During 1976 and 1977, Kenneth J. Masat was employed as a pilot by Continental Airlines. In 1976 he attended a flight-training course. He incurred total expenses amounting to $7,019.00 for the course and related travel expenses, and received reimbursement in the amount of $5,468.85 from the Veterans Administration. On the joint income tax return filed by Masat and his former wife, all the expenses relating to the flight-training course were deducted, and the amount received as reimbursement from the Veterans Administration was not reported.

It is unnecessary for us to trace the history of the Commissioner's policy with regard to the deductability of flight-training expenses that have been reimbursed by the Veterans Administration. In *Baker v. U.S.*,[1] the Eleventh Circuit held that there was no rational basis for treating veterans who receive flight-training benefits differently from those who engage in other educational programs. Consequently, the court allowed the deduction for the flight-training expenses claimed without regard to whether the Veterans Administration

1. 748 F.2d 1465, 1468–70 (11th Cir.1984).

had reimbursed the taxpayer for those expenses. The Government decided not to seek certiorari in *Baker* and the Commissioner has determined that the deductibility of these reimbursed expenses for years before 1983 will no longer be challenged.[2]

▮ Because the Commissioner concedes that the full amount of the flight-training expenses incurred by Masat in 1976 is deductible, the case must be remanded to the Tax Court for the purpose of recomputing the 1976 tax.

## II.

During 1976 and 1977, Masat and his wife owned a 150 acre farm in Brunswick, Nebraska, which taxpayer's brother farmed under a sharecropper arrangement. Masat claimed various expenses in connection with the farm on Schedule F of his income tax returns for those years. These included deductions for interest, feed, legal fees, travel, and land clearing. The Commissioner disallowed the deductions claimed for both years.

▮ Section 262 of the Internal Revenue Code provides, as a general rule, that no deductions shall be allowed for any personal, living or family expense.[3] The cost of traveling, including food and lodging, is normally considered a nondeductible personal expense.[4] Section 162(a)(2) of the Code, however, allows a deduction for travel expenses, including amounts expended for meals and lodging, incurred by the taxpayer while away from home in pursuit of a trade or business.[5] If a trip is conducted for both business and personal reasons, the traveling expenses can be deducted only when the primary purpose of the trip is for business.[6] Travel expenses are not deductible unless substantiated in accordance with the requirements of section 274 of the Internal Revenue Code.[7] The taxpayer bears the burden of proving both that he incurred travel expenses and that these expenses were business related.[8] The Tax Court is the primary judge of the facts, and we cannot reverse its decisions unless we are satisfied that, on the record, its findings of fact were clearly erroneous.[9]

▮ Masat claimed expenses for travel to Nebraska for both years. He is originally from Nebraska and, in both years, had relatives, including his mother and brother, living there. Part of his claimed travel expenses for both years was for meals and lodging. At trial, taxpayer testified that when he was in Nebraska he stayed with relatives and ate his meals in their homes. He submitted two cancelled checks written in 1976 to airlines bearing the notation "To Neb." He offered no substantiation of expenses claimed in 1977.

Based on the record, the Tax Court found that Masat failed to prove that personal reasons were not the primary motivation for his trips to Nebraska in 1976, and that, with respect to his claim for deduction of travel expenses in 1977, he failed to present any supporting evidence whatsoever. His testimony concerning these expenses, the court said, was "neither credible nor plausible." The record contains substantial evidence to support the Tax Court's determination.

▮ Masat had purchased the Nebraska farm from Hazel Bruce Rehberg. On his 1976 return, he deducted $3,000.00 as interest expense, indicating that this was a payment to the Rehbergs and that they had agreed that it would be entirely allotted to

2. *Becker v. Commissioner,* 751 F.2d 146, 151–52 (3rd Cir.1984).

3. 26 U.S.C. § 262.

4. 26 C.F.R. § 1.262–1(b)(5).

5. 26 U.S.C. § 162(a)(2).

6. *See* 26 C.F.R. § 1.162–2(b)(1).

7. 26 U.S.C. § 274(d); *see also* 26 C.F.R. §§ 1.274–5(b)(2) & –5(c).

8. *See, e.g., Wright v. Commissioner,* 752 F.2d 1059 (5th Cir.1985); *Knighten v. Commissioner,* 702 F.2d 59, 60 (5th Cir.), *cert. denied,* 464 U.S. 897, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983).

9. *Laney v. Commissioner,* 674 F.2d 342, 345 (5th Cir.1982); *Michel v. Commissioner,* 629 F.2d 1071, 1073 (5th Cir.1980).

interest. The Tax Court held that, on the record, the taxpayer failed to show that the $3,000.00 was deductible as interest and characterized taxpayer's testimony on the issue as "simply not believable." Accordingly, the court denied the deduction for interest. Again, we find no reason to revise the Tax Court's assessment of the evidence presented.

For the 1977 tax year, Masat also claimed certain legal and miscellaneous expenses, but the Tax Court found that his testimony and the evidence submitted concerning legal and miscellaneous expenses constituted a "meager" record and that Masat's testimony and arguments were vague and conclusory. It held, therefore, that Masat failed to sustain his burden of proof. It is clear that the Tax Court simply did not credit Masat's testimony and we find no reason to substitute our judgment for its findings of fact.

### III.

Masat contended he lost $1,000.00 as a result of a transaction with First Kensington Corporation. The Tax Court concluded that Masat failed to establish that he sustained a loss in 1976. As a prerequisite to allowance of a loss deduction, a taxpayer must establish each of the elements required by law.[10] His failure to do so results in denial of his claim. The Tax Court found that the evidence provided in connection with the claimed loss was insufficient and Masat has failed to show that finding to be clearly erroneous. Masat contends that, if the deduction for the loss is not allowed for 1976, it should be allowed for 1977. However, he has never asserted, either on his 1977 return or to the Tax Court, that the loss was incurred in 1977. The record is devoid of proof to support his present assertion and we need not, as an appellate court, consider a theory of recovery not presented below.[11]

■ Masat also contends he sustained a loss in connection with American Buying Service, a franchise distributorship. He testified that this firm went bankrupt and his investment was lost, but he gives no indication of the grounds for treating the investment as worthless or for claiming the loss in the years he did. Neither the exact nature nor the precise amount of his investment is clear. The Tax Court found that Masat had failed to establish that he actually sustained any loss in 1976 and 1977 in connection with the American Buying Service investment, and its findings on this, as on all other facts, must be credited unless clearly erroneous.

### IV.

Masat urges that we should consider as "newly discovered evidence," facts that, he asserts, he did not have an opportunity to submit to the Tax Court. The exhibits he proffers to us to support his claims are not sufficient to make the findings clearly erroneous or to warrant remand to the Tax Court.

### V.

■ Section 6653(a) of the Internal Revenue Code authorizes a five percent addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules or regulations.[12] If the Commissioner assesses such an addition, the taxpayer bears the burden of proving that he is not liable for it.[13]

■ The Tax Court found that Masat failed to carry his burden of proof on this issue because he submitted no evidence to prove that the underpayments were not due to negligence or intentional disregard of the rules or regulations. It noted that

**10.** *See* 26 U.S.C. § 165(a); 26 C.F.R. § 1.165–1.

**11.** *Masat v. United States,* 745 F.2d 985, 988 (5th Cir.1984).

**12.** 26 U.S.C. § 6653(a).

**13.** *Moore v. Commissioner,* 722 F.2d 193, 196 (5th Cir.1984); *Marcello v. Commissioner,* 380 F.2d 499, 506 (5th Cir.1967), *cert. denied,* 389 U.S. 1044, 88 S.Ct. 787, 19 L.Ed.2d 835 (1968); *see also Tennessee Secs. Inc. v. Commissioner,* 674 F.2d 570, 576 (6th Cir.1982).

the record is "replete with instances" in which Masat claimed deductions to which he clearly was not entitled and that he "displays a strong propensity for claiming deductions without any effort to determine whether there were any grounds for such claims."

Masat contends that he was prevented from arguing the question of negligence by the Tax Court, but the record does not support the charge. He also contends that he relied in good faith on his interpretation of the Internal Revenue Code and the advice of his lawyer, Gordon Tyner. The law with regard to the items in dispute is not unsettled and there is no evidence that Masat disclosed all necessary information to a tax return preparer or that Masat actually relied on the advice of a professional. The Tax Court's determination that Masat failed to carry the burden of proof on this issue is a finding of fact and is not, in our opinion, clearly erroneous.

## VI.

Masat also contends he was entitled to a jury trial. The law grants no right to a jury trial in the Tax Court, and, because that court is not a court having general jurisdiction under the Constitution, there is no constitutional right to a jury trial. Masat further alleges that there were procedural irregularities in his trial, such as the fact that Darrell Dillard, a former IRS agent who testified on behalf of the IRS and was seated at counsel's table, "was coaching IRS Counsel in his questioning." Use by either party of an expert witness to advise that party in the conduct of trial is permissible.[14]

For these reasons, the judgment is affirmed in all respects, save the disallowance of the expenses claimed for flight-training. The judgment for tax deficiencies for 1977 is affirmed. The case is remanded for redetermination of the deficiency for 1976.

14. *See* Fed.R.Evid. 615, advisory committee note.