**Charles W. and Marlene D. STELLY,**
**Plaintiffs-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.**

No. 86–2156
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 25, 1986.

Charles W. Stelly, pro se.

Marlene D. Stelly, pro se.

Mary C. Vance, Tax Div., Dept. of Justice, Dallas, Tex., Henry K. Oncken, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., Anthony Whitledge, Michael L. Paup, Chief, Appellate Section, Roger M. Olsen, Asst. Atty. Gen., Dept. of Justice, Gary R. Allen, Reviewer, Washington, D.C., for defendant-appellee.

Before CLARK, Chief Judge, GARWOOD and HILL, Circuit Judges.

PER CURIAM:

Despite our earlier warning to Charles and Marlene Stelly that they should "throw in the towel," they now reenter the ring in this tax dispute. Undeterred by our imposing sanctions upon them once, the Stellys decided to try again to show that wages are not taxable as income. Not surprisingly, the district court did not agree with the Stelly's contention. In the second round of what the Stellys apparently would like to make a fifteen round bout, we affirm and impose further sanctions which will hopefully result in a knockout punch to this litigation.

## I.

The Stellys filed federal income tax returns for 1979 and 1980, each of which appeared to be regular on its face and completed in an attempt to comply with the rules and regulations for filing such returns. By way of an amended return for the 1979 tax year, the Stellys asserted that they were entitled to a thirteen percent adjustment for inflation with respect to their interest income because their interest income was less than the amount that their savings were devalued by inflation. They deducted the adjustment from their previously reported taxable income. The Stellys filed three amended returns for the 1980 tax year. The first amended return (which apparently asserted the same claim for a thirteen percent inflation adjustment to their income) is not in the record and is not in issue here. The second amended return did not make additional claims, but simply provided more arguments supporting their claim for an inflation adjustment. The last amended return asserted that wages were not income and asked that all taxes paid be refunded.

In the meantime, upon receipt of the Stelly's original 1980 return, the Internal Revenue Service (IRS) determined that interest income from several financial institutions had not been reported by the Stellys, and issued a statutory notice of deficiency adding those amounts to their income and computing an additional tax. The Stellys subsequently petitioned the Tax Court for a redetermination of the deficiency, asserting that wages are not income and that they were entitled to an inflation adjustment with respect to the interest income they had earned. The Tax Court rejected their claims, and we affirmed the Tax Court's decision. *Stelly v. Commissioner*, 761 F.2d 1113 (5th Cir.) (*Stelly I*), *cert. denied*, —— U.S. ——, 106 S.Ct. 149, 88 L.Ed.2d 123 (1985). We also awarded the IRS double costs and attorney's fees on that appeal in the amount of $669.77 pursuant to Fed.R.App.P. 38. *Stelly v. Commissioner*, 5th Cir. No. 84–4782, order of February 18, 1986 (unpublished). In affirming the Tax Court's decision, this court rejected the Stellys' contention that wages are not income and that they are entitled to deduct an adjustment for inflation. *Stelly I*, 761 F.2d at 1115.

Following receipt of the Stellys' amended return for 1979 and their second and third amended returns for 1980, the IRS determined that each of the amended returns was a frivolous return within the meaning of section 6702 of the Internal Revenue Code of 1954 (the Code), and assessed a penalty in the amount of $500 for each of the frivolous amended returns, for a total of $1,500. The Stellys paid fifteen percent or $75 of each penalty as provided by section 6703(c) of the Code, and, upon denial of their claim for refund of the amounts paid, filed this suit against the Commissioner of the IRS for a refund of the penalties.

In their complaint in this action, the Stellys alleged that they had been harassed by an IRS collection officer attempting to collect the penalties, asserted that the penalties assessed for their frivolous returns denied them their first amendment right to petition the government for the redress of grievances, and demanded a jury trial. They asked that the penalties be set aside and that they also be awarded damages for harassment. By way of a pleading seeking to expand the original complaint, the Stellys also sought a refund of all the taxes they paid through wage withholding in 1979 and 1980, arguing, once again, that their wages were not income subject to tax.

Both parties moved for summary judgment. The district court denied the Stellys' motion and granted summary judgment in favor of the Commissioner, rejecting as frivolous the Stellys' contentions that wages are not income and that they are entitled to an inflation adjustment. The Stellys filed this appeal.

## II.

### A.

The Stellys argue first that wages are not taxable as income. This argument need not detain us long. We squarely re-

jected this in *Stelly I*, noting that "the frivolity of this argument is patently obvious." *Stelly I*, 761 F.2d at 1115. *See also Granzow v. Commissioner*, 739 F.2d 265, 267 (7th Cir.1984) (citing eleven cases holding that wages constitute gross income within the meaning of section 61(a) of the Code).

### B.

Title 26 U.S.C. § 6702 authorizes the IRS to impose a $500 penalty on any individual who files "what purports to be" a tax return if such return (1) contains information that facially indicates that the self-assessment is substantially incorrect, and (2) relies on a frivolous position. *Davis v. United States*, 742 F.2d 171, 172 (5th Cir.1984).

The Stellys filed a form 1040 tax return with the IRS for the 1979 tax year in which they claimed a thirteen percent inflation adjustment to their interest income and deducted it from reportable income. Their amended returns for the 1980 tax year asserted that wages and interest income are not taxable, as well as reasserting the thirteen percent inflation adjustment.

■ The Stellys' contention that they are entitled to an inflation adjustment to their interest income is plainly incorrect. Section 61 of the Code defines gross income broadly as "all income from whatever source derived," with interest specifically included. 26 U.S.C. § 61(a)(4). In order for any part of the Stellys' interest income to escape taxation, there must be a specific statutory provision setting forth the deduction. The Stellys cite no statutory or judicial authority for such an adjustment and there is none. The information the Stellys included on their 1979 tax form was therefore substantially incorrect. On each return, the Stellys claimed a deduction for an inflation adjustment, and reduced their tax liability by the amount of that deduction. The explanations attached to the amended return for 1979 and the first two amended returns for 1980 made it plain that the claimed deduction was not based upon any interpretation of the Code, but instead upon the Stellys' assertion that they should

not be taxed on their interest because the amount of interest they received was less than the amount their savings were devalued by inflation. There is no basis in law or fact for the Stellys' contention; the IRS properly characterized the Stellys' argument as frivolous for purposes of section 6702. Since the prerequisites for the application of section 6702 were satisfied, the IRS properly imposed a penalty against the Stellys under that section.

### C.

■ The Stellys also contend that the imposition of civil penalties under section 6702 violates their right to petition the government for redress of grievances under the first amendment. This claim is also meritless. Every decision which has addressed the question has rejected the contention that section 6702 violates the first amendment. *See, e.g., Coleman v. Commissioner*, 791 F.2d 68, 72 (7th Cir.1986); *Larsen v. United States*, 765 F.2d 939, 941 (9th Cir.1985); *McKee v. United States*, 781 F.2d 1043, 1047 (4th Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 3274, 91 L.Ed.2d 564 (1986); *Welch v. United States*, 750 F.2d 1101, 1108 (1st Cir.1985); *Wall v. United States*, 756 F.2d 52, 53 (8th Cir. 1985); *Franklet v. United States*, 761 F.2d 529, 530 (9th Cir.1985); *Drefchinski v. Regan*, 589 F.Supp. 1516, 1526 (W.D.La.1985). We agree that section 6702 does not violate the first amendment. There is no constitutional right to bring frivolous suits such as the one involved here. *See Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 742, 103 S.Ct. 2161, 2169, 76 L.Ed.2d 277 (1983).

### III.

Sanctions are appropriate when a frivolous appeal is brought because of the undue burden these cases place on the resources of the courts as well as the government. Sanctions for abuse of the judicial process by bringing frivolous appeals are expressly authorized under several statutory provisions. *See, e.g.*, 28 U.S.C. § 1912, Fed.R.App.P. 38. These sanctions may in-

clude single or double costs as well as reasonable attorney's fees. As we stated in *Stelly I,* "[e]ven greater sanctions may be imposed under appropriate circumstances." *Stelly I,* 761 F.2d at 1115–16. The circumstances of this case lead us to the conclusion that a mere "slap on the wrist" will obviously not get the point across to the Stellys that their arguments are wholly lacking in merit. In some cases where we have imposed sanctions, we have determined the amount of the sanction ourselves. *E.g., Botkin v. United States,* 797 F.2d 975 (5th Cir.1986); *Willis v. Commissioner,* 786 F.2d 1161 (5th Cir.1986). In other cases, such as *Stelly I,* we have remanded the case to the district court in order to determine the amount of attorney's fees. *See also United States v. Lavoie,* 799 F.2d 229 (5th Cir.1986); *Albright v. United States,* 797 F.2d 495 (5th Cir. 1986). In still other cases, we have received filings and then fixed the amount of sanctions based on those filings. *E.g., Knoblauch v. Commissioner,* 752 F.2d 125 (5th Cir.1985); *Wright v. Commissioner,* 752 F.2d 1059 (5th Cir.1985).

In this case, we choose to follow the first approach and set the amount of the sanction ourselves. In *Stelly I* we assessed a sanction of slightly under $700. A more severe sanction, however, is appropriate in this case since the Stellys have totally disregarded our previous decision. This is evident by the fact that many of the issues before us in this case are identical to the ones raised in *Stelly I.* Furthermore, the new issues that the Stellys raise are completely lacking in merit. Setting the sanction ourselves is appropriate in this case because it saves both government time in preparing and filing of affidavits and judicial time in considering such affidavits. It also serves as an effective sanction for the bringing of this frivolous appeal, serves as a deterrent to the bringing of future frivolous appeals, and compensates the government for at least the direct costs of defending the appeal.

■ The government's brief indicates that the average amount of attorney's fees and costs incurred by the government in cases such as this is $1,422. In light of the sanctions we have imposed in other tax cases, and given the fact that this is the second time that the Stellys have filed a frivolous appeal, we believe that a monetary sanction of $2,000 should be imposed upon the Stellys jointly. *See, e.g., Crain v. Commissioner,* 737 F.2d 1417 (5th Cir. 1984) ($2,000 award); *Hallowell v. Commissioner,* 744 F.2d 406 (5th Cir.1984) (same).[1]

Given the fact that this is the Stellys' second frivolous appeal on some of the same issues, we feel that the circumstances warrant additional sanctions. Consequently, the Clerk of the Court should not accept any new filings by the Stellys for any tax-related appeals until the sanctions we impose today are paid and proof of satisfaction of all prior judgments is provided.[2] *See Schiff v. Simon & Schuster, Inc.,* 766 F.2d 61, 62 (2nd Cir.1985) (imposing a similar prohibition); *Johl v. Johl,* 788 F.2d 75, 76 (2nd Cir.1986) (same).

### IV.

One way or the other, we are determined to stop the growing number of patently

---

1. Furthermore, the fact that the Stellys are pro se does not bar the imposition of sanctions against them. As we noted in *Stelly I:*

   [A]lthough a court can demand a higher degree of responsibility from members of the bar, litigants cannot be treated as free to advance frivolous claims merely because they appear without counsel. Where pro se litigants are warned that their claims are frivolous, as were the Stellys, and where they are aware of the ample legal authority holding squarely against them, then sanctions are appropriate.

*Stelly I,* 761 F.2d at 1116.

2. By tax-related appeals, we mean any appeal relating to the amount of taxes, penalty, and interest assessed by the IRS against the Stellys, or any challenge to the constitutionality of the IRS' existence, or its ability to enforce the federal income tax laws.

   Should the Stellys attempt to use "artful pleading" to get around our prohibition, we give notice that we will not hesitate to impose even more extreme sanctions in the future.

frivolous appeals filed by abusers of the tax system whose sole purposes are to delay and harass the collection of public revenues. "Abusers of the tax system have no license to make irresponsible demands on the Courts of Appeals to consider fanciful arguments put forward in bad faith." *Granzow*, 739 F.2d at 270. Those who do should be held strictly accountable for their conduct.

The fight is over; the judges' scorecards are in; the Stellys have lost. We affirm the district court's grant of summary judgment in favor of the Commissioner; we assess sanctions in the amount of $2,000 jointly against the Stellys and direct the Clerk of the Court not to accept any further tax appeals by the Stellys consistent with this opinion.

AFFIRMED.