815 F.2d 706
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. TICKEL, Jr., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 86-5165.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1987.
 
 Before ENGEL and GUY, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This pro se taxpayer appeals from a district court order dismissing his complaint. Plaintiff filed this suit to obtain a refund of $75.00 paid as partial satisfaction of a civil penalty assessed under 26 U.S.C. Sec. 6702 by the Internal Revenue Service for having filed a frivolous amended return for the year 1981. Plaintiff also sought abatement of that $500.00 civil penalty.
 
 
 3
 In 1984, plaintiff and his wife filed an amended tax return form 1040X for the year 1981 claiming that they had erroneously claimed wages and salaries as income in their initial return. Attached to their return was a memorandum in which they argued that their wages were not taxable because they were received in equal exchange for their labor. Upon review of the amended return, a penalty was assessed pursuant to 26 U.S.C. Sec. 6702. The district court denied defendant's motion to dismiss until the court was convinced that an amended return was subject to the provisions of 26 U.S.C. Sec. 6702. The parties briefed this issue for the court and defendant's motion to dismiss was then granted and the action was dismissed. This appeal followed.
 
 
 4
 Upon review of the record and the arguments presented by the parties in their appellate briefs, this Court concludes that the action was properly dismissed. The Court also concludes that assertion of plaintiff's arguments on this appeal also warrants double costs and attorney fees to be imposed against him pursuant to Rule 38, Federal Rules of Appellate Procedure. Plaintiff's amended return is subject to the provisions of 26 U.S.C. Sec. 6702 because it was filed to show that he and his wife had no income and to claim a refund of taxes paid in 1981. Sisemore v. United States, 797 F.2d 268, 270 (6th Cir.) cert. denied, --- U.S. ----, 107 S.Ct. 173 (1986); Lovell v. United States, 755 F.2d 517, 519 (7th Cir.1984) (per curiam); Anderson v. United States, 754 F.2d 1270, 1272 (5th Cir.1985) (per curiam).
 
 
 5
 Furthermore, because plaintiff's return clearly showed on its face that the assessment of their taxes was substantially incorrect and that their position on the matter was frivolous, a penalty was properly assessed under 26 U.S.C. Sec. 6702. Plaintiff claimed that wages earned were erroneously reported as income and were now considered by the taxpayers as exempt for having been received in equal exchange for their services. This position has been uniformly rejected as patently without merit justifying imposition of a penalty. Sisemore v. United States, supra; Perkins v. Commissioner, 746 F.2d 1187, 1188 (6th Cir.1984) (per curiam); see also, Stelly v. Commissioner, 761 F.2d 1113 (5th Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 149 (1985).
 
 
 6
 Finally, we believe double costs and attorney fees should be imposed against the plaintiff because he has brought a frivolous appeal involving issues which have already been clearly resolved. See, Sisemore v. United States, supra; Martin v. Commissioner, supra.
 
 
 7
 For these reasons, and because the questions on which this case depends are so unsubstantial as not to require further argument, we affirm. Rule 9(b)(5), Rules of the Sixth Circuit. Furthermore, double costs and attorney fees are hereby awarded to the government pursuant to the decided case authority and Rule 38, Federal Rules of Appellate Procedure. An itemized and verified bill for the costs and attorney fees may be filed with the Clerk of this Court, with proof of service, within 14 days after the entry of this order.