902 F.2d 30
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stanley STERNER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 89-2842.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 16, 1990.
Decided April 13, 1990.
Rehearing and Rehearing In Banc Denied May 9, 1990.
 
 Appeal from the United States Tax Court. (Tax Ct. No. 89-708)
 Stanley Sterner, appellant pro se.
 Gary R. Allen, Gilbert Steven Rothenberg, David Michael Moore, United States Department of Justice, Washington, D.C., for appellee.
 U.S.T.C.
 MOTION TO DISMISS GRANTED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Stanley Sterner appeals from a tax court decision upholding the Commissioner's deficiency determination for tax year 1985 and imposing sanctions under 26 U.S.C. Sec. 6673 for maintaining a frivolous action. The Commissioner has moved to dismiss the appeal based on Sterner's failure to pay $1,500 in costs and attorney's fees awarded by this Court in a prior appeal. Sterner v. Commissioner, No. 88-2562 (4th Cir. Jan. 20, 1989) (unpublished).
 
 
 2
 In No. 88-2562, this Court found Sterner's appeal from a prior tax court decision upholding a deficiency determination and imposing sanctions to be frivolous and imposed sanctions on appeal under Fed.R.App.P. 38 and 28 U.S.C. Sec. 1912. Without having paid those sanctions, Sterner again seeks appellate review of a tax court order and offers many of the same arguments rejected as frivolous in No. 88-2562. The Commissioner's motion to dismiss this frivolous appeal based on Sterner's failure to pay the sanction award is well taken, and we grant it. See Schiff v. Simon & Schuster, 766 F.2d 61, 62 (2d Cir.1985); see also Stelly v. Commissioner, 804 F.2d 868, 871 (5th Cir.1986).
 
 MOTION TO DISMISS GRANTED