CARL R. AND LINDA S. COLMENARES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Colmenares v. Commissioner
Docket No. 8581-93
United States Tax Court
T.C. Memo 1994-36; 1994 Tax Ct. Memo LEXIS 38; 67 T.C.M. (CCH) 2059; January 27, 1994, Filed *38 Carl R. Colmenares, pro se. For respondent: Roberta L. Shumway. DAWSON, ARMEN
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr. pursuant to the provisions of section 7443A(b) (4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment and respondent's Motion to Dismiss for Lack of Prosecution. Respondent determined the following deficiency in, and additions to, petitioners' Federal income tax for 1987: Additions to Tax Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
$ 9,691.00
$ 2,422.75
$ 622.35
[1]
*39 Petitioners resided in Kingwood, Texas, at the time their petition was filed with the Court. Procedural Background
Because petitioners refused to stipulate pursuant to Rule 91, respondent served them with a request for admissions under Rule 90. [2] Petitioners subsequently served respondent with their response. [3] Petitioners admitted the first numbered paragraph of respondent's request for admission (relating to their marital status in 1987). However, as to the remaining 18 numbered paragraphs, petitioners invoked the Fifth Amendment. At trial, respondent moved to *40 determine the sufficiency of petitioners' response to respondent's request for admissions. After questioning both respondent's counsel and petitioner Carl R. Colmenares, the Court concluded that petitioners faced no substantial or real hazard of self-incrimination by responding to respondent's request for admissions and that the possibility of self-incrimination by so responding was, at best, a remote and speculative possibility. Accordingly, because petitioners' assertion of the Fifth Amendment was not well founded, see Hallowell v. Commissioner, 744 F.2d 406 (5th Cir. 1984), affg. an Oral Opinion of this Court; Moore v. Commissioner, 722 F.2d 193, 195 (5th Cir. 1984), affg. T.C. Memo. 1983-20; Steinbrecher v. Commissioner, 712 F.2d 195, 197 (5th Cir. 1983), affg. T.C. Memo. 1983-12, the Court struck petitioners' response to the last 18 numbered paragraphs of respondent's request for admissions, and because petitioners declined to accept the Court's repeated invitations to address the issues on the merits, the Court deemed the matters *41 set forth in those paragraphs to be admitted for purposes of this case. See Rule 90(f) ("Any matter admitted under this Rule is conclusively established"); see also Freedson v. Commissioner, 65 T.C. 333 (1975), affd. on another issue 565 F.2d 954 (5th Cir. 1978). Motion for Summary Judgment
Respondent's Motion for Summary Judgment is predicated on the Court's order determining the sufficiency of petitioners' response to respondent's request for admissions. Accordingly, we will consider that motion. Under Rule 121(b), summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." See Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The record in this case discloses that petitioners were both self-employed during 1987. Together they owned and operated a kennel for animals, known *42 as Kingwood Kennel, and an insurance business, known as Colmenares Security Sales. On the Schedule C for Kingwood Kennel, petitioners claimed total deductions of $ 75,486, which included the following: Deduction
Amount
depreciation
$ 27,421
interest expense
10,968
office expense
2,113
repairs
4,984
In the notice of deficiency, respondent disallowed these deductions as follows: Deduction
Amount disallowed
depreciation
$ 15,295
interest expense
1,876
office expense
2,113
repairs
4,984
On the Schedule C for Colmenares Security Sales, petitioners claimed total deductions of $ 7,506, consisting of the following: Deduction
Amount
interest expense
$   418
supplies
314
meals & entertainment
670
utilities & telephone
496
licenses & fees
291
parking
24
seminars & training
44
automobile expense
2,136
depreciation
3,113
In the notice of deficiency, respondent allowed the deduction for supplies, but disallowed all of the other deductions (totaling $ 7,192). Petitioners filed their 1987 Federal income tax return on August 1, 1990. The return was prepared by a certified public accountant (CPA). On the return, the CPA placed the date "4-17-89" *43 opposite his signature; petitioner Carl R. Colmenares placed the date "7-15-90" opposite his signature; and petitioner Linda S. Colmenares placed no date opposite her signature, which appeared immediately below that of her husband. Petitioners' return reported a balance due of $ 1,391. Petitioners' CPA had obtained an automatic, 4-month, extension of time for petitioners to file their 1987 return, as well as an additional 2-month extension of time. Petitioners' 1987 return was therefore due on or before October 17, 1988. Sec. 7503. However, as stated above, it was not filed until August 1, 1990. Respondent's request for admissions alleges, in part, as follows: 12. The petitioners have failed to substantiate that they are entitled to deductions from income relating to Kingwood Kennels, claimed on Schedule C, Part II, of their 1987 return, * * * for the following categories of expenses: interest; office; repairs; and depreciation. * * * 14. The petitioners have failed to substantiate that they are entitled to deductions from income relating to Carl Colmenares Security Sales, claimed on Schedule C, Part II, of their 1987 return, * * * for the following categories of expenses: *44 interest; meals and entertainment; utilities; licenses and fees; parking and tolls; seminars and training; automobile; and depreciation. * * * 17. The petitioners' failure to timely file their return for the taxable year 1987 was not due to reasonable cause within the meaning of I.R.C. sec. 6651(a)(1). 18. The petitioners' underpayment of income tax for the taxable year 1987 was due to negligence or intentional disregard of rules and regulations within the meaning of I.R.C. Sec. 6653(a)(1)(A) and 6653(a)(1)(B). 19. Other than those items listed in the notice of deficiency, * * * the petitioners are entitled to no other deductions, credits, or adjustments to income for the taxable year 1987.
All of the allegations in respondent's request for admissions have been deemed admitted. Together they are sufficient to sustain respondent's determination of the deficiency in tax and the additions to tax. See Marshall v. Commissioner, 85 T.C. 267 (1985); Morrison v. Commissioner, 81 T.C. 644 (1983). Accordingly, because no genuine issue of material fact exists and because respondent is entitled to a decision as a matter *45 of law, respondent's Motion for Summary Judgment will be granted. Motion to Dismiss for Lack of Prosecution
Because we propose to grant respondent's Motion for Summary Judgment, respondent's Motion to Dismiss for Lack of Prosecution is moot. We note, however, that by invoking the Fifth Amendment, petitioners did not relieve themselves of the burden of proof in this case. See United States v. Rylander, 460 U.S. 752, 758 (1983); Petzoldt v. Commissioner, 92 T.C. 661, 684 (1989); see also Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Accordingly, petitioners' unjustified insistence on resting their case solely on the Fifth Amendment, coupled with their failure to adduce evidence at trial, may be viewed as implicating Rule 149(b). This rule provides, in relevant part, that "Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by such party's adversary, may be ground for dismissal". In order to give effect to the foregoing, An appropriate order and decision will be entered for respondent *46 . Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on that part of the deficiency which is attributable to negligence.↩
2. Respondent timely served her request for admissions pursuant to the schedule set forth in the Court's order granting leave to serve a request for admissions out of time.↩
3. Petitioners' response does not appear to have been timely served pursuant to the schedule set forth in the Court's order granting respondent leave to serve a request for admissions out of time. Respondent has not, however, questioned the timeliness of the response.↩