United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20599
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH O'KANE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CR-92-1
---------------------

Before JOLLY, DENNIS and PICKERING, Circuit Judges.

PER CURIAM:[*]

Kenneth O'Kane appeals his jury convictions for four counts of tax evasion in violation of 26 U.S.C. § 7201. He argues that the evidence was insufficient to support his convictions for tax evasion for the years 1994 through 1997, that the Government did not prove that the Internal Revenue Service made a tax assessment or demand for the years 1994 through 1997, and that the Government failed to prove the willfulness requirement of 26 U.S.C. § 7201. A review of the evidence establishes that the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

finding that O'Kane was guilty of four counts of tax evasion for the years 1994 through 1997 is supported by "substantial evidence" and that "any rational trier of fact could have found that the evidence established guilt beyond a reasonable doubt." See United States v. Ceballos-Torres, 218 F.3d 409, 411 (5th Cir. 2000). The evidence established that there were tax deficiencies for the years 1994 through 1997, that O'Kane took numerous affirmative steps to evade or attempt to evade taxes, and that he acted willfully. See United States v. Townsend, 31 F.3d 262, 266 (5th Cir. 1994).

O'Kane argues that the district court erred in denying his motion to quash the indictment based on his claim that the Government withheld "notices of deficiency issued for tax periods 1994 and 1995." O'Kane has not established a violation of Brady v. Maryland, 373 U.S. 83, 87 (1963) as he has not shown that the Government withheld such notices or that the notices would have been favorable to the defense. See United States v. Burns, 162 F.3d 840, 851 (5th Cir. 1998). Therefore, the district court did not err in denying his motion to quash the indictment.

O'Kane argues that the district court erred in denying his motion to require the Government to show its authority to act. Although O'Kane filed this motion in the district court, he argues for the first time on appeal that this motion was based on his claim that the federal income tax laws are unconstitutional. Therefore, review is limited to plain error. See United States v. Olano, 507 U.S. 725, 732-34 (1993). We have rejected on numerous

occasions attacks on the constitutionality of the federal income tax laws.  See Stelly v. Comm'r, 761 F.2d 1113, 1115 (5th Cir. 1985).  Therefore, O'Kane has not shown that the district court's denial of this motion was error, plain or otherwise.  See Olano, 507 U.S. at 732-34.

AFFIRMED.