**Dale K. and Donna L. SANDVALL, Petitioners–Appellants,**

**v.**

**COMMISSIONER INTERNAL REVENUE, Respondent–Appellee.**

**Dale K. and Donna L. SANDVALL, Petitioners–Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

Nos. 89–4523, 89–4621
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 16, 1990.

Dr. Dale K. Sandvall, Arlington, Tex., pro se.

Donna L. Sandvall, Arlington, Tex., pro se.

Ms. D. Delgado, Atty., IRS, Dallas, TX, Peter K. Scott, Act. Chief Counsel, IRS, Washington D.C., Shirley D. Peterson, Wil-

liam Rose, Asst. Attys. Gen., Tax Div., U.S. Dept. of Justice, Gary R. Allen, Doris D. Coles, Kenneth L. Greene, Jordan L. Glickstein, Washington, D.C., for respondent-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Dale K. Sandvall and Donna L. Sandvall appeal adverse judgments of the United States Tax Court which assess deficiencies and penalties and award sanctions. For the reasons assigned we affirm the judgments of the Tax Court in these consolidated appeals and impose sanctions on the Sandvalls under Fed.R.App.P. 38 for taking totally frivolous appeals.

### Background

These consolidated appeals involve the use of foreign based "trusts" in an attempt by the Sandvalls to avoid their lawful tax liabilities. On their 1981 and 1982 federal income tax returns they claimed certain deductions that generally accorded with the itemized income reported by Park Ridge Enterprises, a foreign entity controlled by the Sandvalls. After an audit of the returns of Park Ridge and the Sandvalls the Commissioner found inadequate substantiation and disallowed the deductions claimed. Alternatively, the Commissioner determined that Park Ridge was a sham or a grantor trust. The Commissioner imposed additions under 26 U.S.C. §§ 6653(a) and 6661.

The Sandvalls petitioned the Tax Court for a redetermination, claiming that their returns were accurate and genuine. They refused, however, to cooperate in the stipulation process to define and delimit the issues, agreeing only to stipulate that their returns were genuine. They refused to exchange documents intended for use as exhibits at trial or to file a timely trial memorandum. They failed to produce any trust instruments relating to Park Ridge or to Oak Ridge Trust Organization, an orga-

nization to whom several checks were made payable, albeit subpoenaed, and despite an order expressly directing production. In response, the Sandvalls attested that in their "individual capacities" they did not have custody or control of the records of any trust. They offered no evidence whatever, other than their conclusionary statements.

The Tax Court upheld the Commissioner's assessment of deficiencies and additions and *sua sponte* imposed sanctions under 26 U.S.C. § 6673 for the institution of a suit for the purposes of delay. The Sandvalls appealed.

After an audit of the Sandvalls' 1983 returns revealed the same scheme involving the transfer of taxable income to Park Ridge, the Commissioner assessed deficiencies based on a determination that Park Ridge was a sham trust. The Commissioner imposed additions under 26 U.S.C. §§ 6653(a) and 6661. The Sandvalls again petitioned the Tax Court. The same scenario of dilatory tactics ensued. The Tax Court upheld the deficiency assessments and additions and, again, *sua sponte*, sanctioned the Sandvalls who timely appealed to this court and moved for the consolidation of their two appeals. We granted that consolidation.

Appearing *pro se* the Sandvalls argue that the deficiencies and additions imposed by the Tax Court are invalid because Park Ridge is not a party to this action. They contend that the Commissioner and the Tax Court lacked authority to determine Park Ridge's legal status because it is an entity created in the Turks and Caicos Isles under the United Kingdom Tax Treaty and only Article III courts may determine rights arising under a treaty. They further complain that they were targeted for prosecution because of their association with American Law Association, an organization that promotes tax shelters.

There is a presumption of correctness of tax determinations by the Commissioner. *United States v. Rindskopf,* 105 U.S. 418, 26 L.Ed. 1131 (1882). The taxpayer bears the burden of proof to substanti-

ate claimed deductions. *C.A. White Trucking Co., Inc. v. C.I.R.*, 601 F.2d 867 (5th Cir.1979). Furthermore, the Tax Court's determination that a taxpayer has failed to come forward with sufficient evidence to support a deduction is a factual finding subject to reversal only if found to be clearly erroneous. *Thompson v. C.I.R.*, 631 F.2d 642 (9th Cir.1980), *cert. denied*, 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981).

█ The only explanation that the taxpayers offered for their deductions was Dale Sandvall's self-serving statements that the expenses were, in fact, genuine. Ignoring legal precedent the Sandvalls doggedly maintain that the IRS is not permitted to disallow legitimate deductions; they insist that they need prove nothing to prevail. The plain language of the tax code instructs otherwise; 26 U.S.C. § 6201 authorizes and requires the Commissioner to make inquiries and determinations with respect to a taxpayer's income. More importantly, this court has concluded that in order to rebut the presumption that the Commissioner's determination of deficiency is correct taxpayers must come forward with competent and relevant evidence. *Commissioner v. Smith*, 285 F.2d 91 (5th Cir.1960). The Tax Court correctly determined that the Sandvalls failed to meet their burden of proof.

The Sandvalls next challenge the Tax Court's determination that they were liable for a deficiency for the year 1983 based upon the court's finding that Park Ridge was a sham. The taxpayers contend that any findings relating to Park Ridge are invalid because that entity is not properly before this court. They also assert that the Tax Court erroneously imputed Park Ridge's income to their taxable income.

█ A fundamental principle of our income tax structure is the basic rubric that economic substance prevails over form. *Gregory v. Helvering*, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596 (1935). Accordingly, courts have concluded that "sham transactions, having no economic effect other than the creation of income tax losses, cannot be recognized for tax purposes."

*Thompson v. C.I.R.*, 631 F.2d at 646. Moreover, the Tax Court's finding that a trust is a sham is a finding of fact that may be reversed on appeal only if found to be clearly erroneous. *Zmuda v. Commissioner*, 731 F.2d 1417 (9th Cir.1984).

█ The record before us amply supports the Tax Court's finding that Park Ridge is a sham. The Sandvalls maintained total control over Park Ridge and used its assets as they saw fit, including use for their personal purposes. In a financial statement they listed the cash in a Park Ridge checking account as a personal asset. They persistently refused to offer any evidence to support their declarations that Park Ridge was not a sham. The Tax Court correctly found and concluded that the Sandvalls did not relinquish ownership and control of their earnings, they merely created a fictitious paper trail by which they hoped to disguise or hide their taxable income.

█ We reject as patently frivolous the Sandvalls' contention that the Tax Court had no authority to impute Park Ridge's income to them. Section 61 of the Code defines the term "gross income" as all income from whatever source derived, including among other things income from an interest in an estate or trust. Furthermore, the Supreme Court has long recognized that income is taxed to the person who earns it, regardless of any arrangement made to divert the payment. *Lucas v. Earl*, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731 (1930). In the absence of such an imputation rule, taxpayers would be able to evade taxes by simply temporarily diverting their income to other sources. The Tax Court correctly resolved this issue.

█ The Sandvalls also challenge the additions and penalties imposed. The IRS may levy penalties for the negligent or intentional disregard of income tax rules and regulations. 26 U.S.C. § 6653(a). Negligence under section 6653 is defined by the reasonable, prudent person standard. *Marcello v. C.I.R.*, 380 F.2d 499 (5th Cir.1967), *cert. denied*, 389 U.S. 1044, 88

S.Ct. 787, 19 L.Ed.2d 835 (1968). The Tax Court's findings of negligence are reviewed on appeal under the clearly erroneous rule. *Masat v. C.I.R.*, 784 F.2d 573 (5th Cir.1981). In addition, the taxpayer has the burden of proving that the penalty was erroneous. *Zmuda.*

■ Viewed against this backdrop it is manifest that the additions imposed by the tax court are appropriate. This court previously has recognized that a negligence penalty is correctly assessed in cases where deductions claimed on returns are not supported by the facts. *Marcello.* In the instant case the deductions were not supported by the facts. The Sandvalls adamantly refused to submit any substantiating evidence. Additionally they failed to acquit their burden of establishing that their deductions were not due to negligence or the intentional disregard of the tax rules.

■ We also conclude that the penalties imposed under sections 6661 and 6673 are appropriate. Section 6661 provides for an addition to tax where the taxpayer makes a substantial understatement of income tax liability. A "substantial understatement" results if the amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the return, or $5,000. 26 U.S.C. § 6661(b)(1)(A). The Commissioner's determination is presumed to be correct, and the taxpayer has the burden of proving otherwise. *Masat.* The IRS offered evidence that the Sandvalls' understatements totaled $61,650 for 1982 and $100,219.50 for 1983. These sums clearly fall within the parameters of section 6661. Once again, the Sandvalls failed to introduce any evidence to contradict this determination.

■ Section 6673 of the code authorizes the imposition of damages against a taxpayer who institutes proceedings before the Tax Court primarily for delay. The Tax Court's assessment of penalties under section 6673 can be reversed by this court only for an abuse of discretion. *Lukovsky v. C.I.R.*, 734 F.2d 1320 (8th Cir.1984).

Throughout the proceedings the taxpayers refused to comply with IRS requests for the production of documents, continuing with their refusal even after being ordered by the court to produce them. Notwithstanding the court's warning that they would be held accountable for litigating frivolous issues, the Sandvalls refused to address the merits of the case. We hold that the Tax Court's assessment of penalties was legal and appropriate.

Finally, we find the Sandvalls' contention that they have been singled out unfairly for prosecution because of their association with the American Law Association not only meritless but also ludicrous. The Sandvalls have not been singled out; time for them has simply run out. Legal smoke and mirrors, reams of paper, and strings of words will suffice no longer to evade or delay the payment of their fair share of federal income taxes. The time has come for them to join the rest of their fellow citizens at the annual income roundup.

■ The Commissioner has asked that we impose sanctions for frivolous appeals. Under Fed.R.App.P. 38 this court is empowered to "award just damages and single or double costs" to the appellee when an appeal is frivolous. Damages may be assessed when an "appeal is baseless, presents no colorable claim of error, and raises repeatedly rejected contentions." *Knoblauch v. C.I.R.*, 749 F.2d 200, 202 (5th Cir.1984). "Just damages" may include reasonable attorney's fees. *Stelly v. C.I.R.*, 761 F.2d 1113 (5th Cir.), *cert. denied*, 474 U.S. 851, 106 S.Ct. 149, 88 L.Ed.2d 123 (1985). Although we are reluctant to impose sanctions upon one exercising the right to appeal, for legitimate appeals are favored and are welcome, we conclude that sanctions are required in the case at bar. The Sandvalls persisted in advancing unreasonable claims with no arguable basis in law or fact. Significant time and energy have been expended by judges, staff, and support personnel on these meritless appeals. In the meantime, the claims of worthy litigants have been delayed because this court's limited resources have been devoted to the process-

ing and disposition of the Sandvalls' frivolous and meaningless arguments. Damages are warranted. The appellee is awarded double costs. In addition, the Sandvalls are ordered to pay the appellee the sum of $1,500 in each of the two appeals, for a total of $3,000 in damages, assessed against the Sandvalls under the authority of Fed.R.App.P. 38.

The judgments of the Tax Court are AFFIRMED.