967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert G. WEST; Norita C. West, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70217.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 14, 1992.
Decided June 8, 1992.
 
 Before FERGUSON, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Because deductions are matters of "legislative grace," Deputy v. DuPont, 308 U.S. 488, 493 (1940), the burden of persuasion was and continues to be on the petitioners to prove what portion, if any, of their late charge was interest. See Sandvall v. Commissioner, 898 F.2d 455, 457-58 (5th Cir.1990).[1] The Tax Court's finding that petitioners didn't meet this burden, and hence didn't prove that an identifiable portion of the late charge was interest, is a determination of fact that we must uphold unless it is clearly erroneous. See Commissioner v. Duberstein, 363 U.S. 278, 291 (1960).
 
 
 3
 The record supports the Tax Court's finding that the late fee had three components: (1) compensation for collection and default expenses; (2) deterrence of borrowers from making late payments; and (3) compensation for the time value of borrowed money.[2] Petitioners' only evidence to separate out the last component (the deductible component) is that their 1983 late charges were $58.70 while the Bank's 1974 average operating costs for processing delinquent loan payments was $7.00. This ignores Bank of America's estimate that after it raised its late fee to 4% in 1975 its average collection was $7.70, closely paralleling its operating costs. And the 1974 figures tells us nothing of Bank of America's current delinquent loan costs or the bank's projected collection costs when it set the late fee at 4%.[3]
 
 
 4
 We might well have made a different finding based on the evidence; nevertheless, the finding of the Tax Court is not clearly erroneous.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It has been argued that once the taxpayer presents evidence that at least some, albeit undefined, portion of a loan fee is interest, then the burden shifts to the Commissioner to prove precisely what portion of the loan fee is not interest. The reason advanced for shifting the burden is the difficulty for the taxpayer to apportion the loan fee into interest and non-interest amounts. Yet we fail to see how apportionment would be any easier for the Commissioner, as she is as unlikely to have any greater access to relevant materials or any greater familiarity with the relevant transaction. Admittedly, the bank is in a better position than the taxpayer to apportion the loan fee, but the bank is simply not a party to this lawsuit
 
 
 [2]
 Petitioners' argument that the late fee is interest because Bank of America categorizes the late fee as interest in its consolidated financial statements is meritless. First, Bank of America's classification of the late fee does not control petitioners' tax obligation to the United States. Second, Bank of America may classify the late fee as interest for the purpose of financial disclosure accounting, but this tells us little about how Bank of America treats the late fee for the purpose of tax accounting; the two types of accounting are by no means identical. Third, on its financial statements Bank of America lists loan and late fees separately from "interest on loans." Finally, by petitioners' own account, "[w]hether a particular payment constitutes interest is determined by the facts, not by the terminology used." Petitioners' Opening Brief at 5 (internal quotation marks omitted)
 
 
 [3]
 Nor do the figures allow petitioners to account for what portion of the late fee is meant as deterrence