PAUL C. MATTHEWS AND VERA C. MATTHEWS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Matthews v. Commissioner
Docket No. 5912-92
United States Tax Court
T.C. Memo 1994-37; 1994 Tax Ct. Memo LEXIS 43; 67 T.C.M. (CCH) 2062; January 31, 1994, Filed Decision will be entered under Rule 155. *43 P engaged in fishing boat and related activities. P incurred only losses with respect to these activities, and did not keep books and records for such activities. P did not substantiate expenses for the fishing boat activity. P had personal purposes for entering the activities. Held: P did not engage in the boat activities for profit within the meaning of sec. 183, I.R.C.Held, further, P may not deduct unsubstantiated expenses. Held, further, P is entitled to a portion of the depreciation claimed for a fishing boat. Held, further, P may not deduct depreciation claimed for a fishing boat where he did not substantiate the basis or ownership of the boat. Held, further, P is entitled to an investment tax credit for the fishing boat, but in an amount less than P claimed. Paul C. Matthews and Vera Matthews, pro sese. For respondent: Monica Koch. LARO
LARO
MEMORANDUM FINDINGS OF FACT AND OPINION LARO, Judge: This case is before the Court on a petition filed by Paul C. Matthews and Vera Matthews (petitioners) for redetermination of respondent's determinations reflected in her notice of deficiency. Respondent determined deficiencies in and *44 additions to petitioners' Federal income tax as follows: Additions to Tax
Sec.
Sec. Sec.
Year
Deficiency
6661
6651(a)
6653(a)(1)
1985
$ 51,091
$ 12,773
--
$ 2,555
1986
17,678
4,420
--
--
1987
[2] 25,886
[4]
$ 7,448
--
Additions to Tax
Sec. Sec.
Sec.
Year
6653(a)(1)(A)
6653(a)(2)
6653(a)(1)(B)
1985
--
[1]
--
1986
$   884
--
[1]
1987
[3] 8,750
--
[1]
The issues for decision are: (1) Whether petitioners' fishing boat activity was engaged in for profit. We hold it was not. (2) Whether petitioners' fuel boat activity was engaged in for profit. We hold it was not. (3) Whether petitioners substantiated certain fishing boat expenses for their 1985 taxable year. We hold they did not. (4) Whether petitioners substantiated depreciation deductions for their 1985, 1986, and 1987 taxable years for two fishing boats. As explained further below, we hold *45 they substantiated part of the amounts claimed for one of the boats. (5) Whether petitioners substantiated depreciation deductions for the 1986 and 1987 taxable years for two fuel boats. Based on our ruling that the activity was not entered into for profit, we do not reach this issue. (6) Whether petitioners are entitled to an investment tax credit for their 1985 taxable year related to their ownership of a fishing boat. We hold they are not. (7) Whether petitioners are liable for additions to tax for negligence for their 1985, 1986, and 1987 taxable years. We hold they are. (8) Whether petitioners are liable for additions to tax for substantial understatement of tax for their 1985 and 1986 taxable years. We hold they are. (9) Whether petitioners are liable for an addition to tax for failure to file a timely return for their 1987 taxable year. We hold they are. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The *46 stipulations and exhibits attached thereto are incorporated herein by this reference. [2] Petitioners resided in Setauket, New York, at the time they filed their petition. *47 Petitioners prepared their Federal income tax returns for all the years in issue. Petitioners did not timely file their 1987 Federal income tax return. The Fishing Boat Activity
Paul C. Matthews (Matthews) is an attorney. Prior to the years in issue, he had obtained an $ 800,000 judgment on behalf of a client (Client) against the owners of a boat called Deco XXIII. The owners of Deco XXIII went bankrupt and Deco XXIII was auctioned off in Texas in 1982. Matthews had Gary Burris (Burris) inspect Deco XXIII prior to the auction, and Matthews determined that it needed $ 70,000 or $ 80,000 worth of work. Deco XXIII had cost over $ 700,000 to build in 1979, and Burris told Matthews that a purchase of Deco XXIII for under $ 200,000 would be a good buy. Matthews had a lot of money invested in Client's case so he bought Deco XXIII at auction in his individual name for $ 100,000. Matthews did not consult with financial experts or have Deco XXIII appraised prior to purchasing it. Prior to purchasing Deco XXIII, and during the years in issue, Matthews did not have any experience in the fishing industry. Matthews' primary motives in buying *48 Deco XXIII were to obtain some money for Client and to receive his attorney's fees. Matthews never saw Deco XXIII during the years in issue. In 1983, Matthews had someone take Deco XXIII from Texas to Florida, work was performed on it in Florida, and it started operating there. Matthews relied on Client to find experienced captains to operate Deco XXIII, but its activity did not show a profit for 1983 through 1985. Petitioners claimed depreciation deductions for Deco XXIII for each of the years in issue in the amount of $ 14,485. This depreciation was computed using a basis of $ 144,854. [3] For their 1985 taxable year, petitioners claimed expenses related to the fishing activity, in addition to depreciation, totaling $ 106,341. Petitioners reported 1985 gross income of $ 25,441 from the activity, resulting in a net loss of $ 99,898. Petitioners reported no gross income from the activity for 1986 or 1987. *49 James Lyons (Lyons) is a commercial fisherman and a former client of Matthews. In April or May 1985, Lyons visited Deco XXIII in Portland, Maine, on behalf of Matthews and determined that Deco XXIII was being mismanaged. At that time, Deco XXIII was rigged for scalloping. [4] In 1985, Lyons took over the operation of the boat. Lyons obtained money from Matthews to pay certain outstanding debts related to Deco XXIII and to refurbish it. Matthews never checked that Lyons actually was making repairs with the money Matthews provided him. Lyons advised Matthews that Matthews would not be able to make a profit with Lyon's scalloping because of Lyons' lack of scalloping experience. However, Lyons agreed to take Deco XXIII scalloping in the summer *50 on a limited basis, and, if it did not show a profit, to rerig Deco XXIII to go fishing in the wintertime. Matthews and Lyons agreed to a "lay arrangement" whereby profits for a scalloping or fishing trip, net of the cost of fuel, lube oil, ice, and food for the trip, are split 50-50 by the owner of the boat and the crew. Matthews and Lyons also agreed to reinvest any profits from scalloping or fishing until the point that Matthews had a profitable situation or Lyons could buy Deco XXIII at a price that would allow Matthews to recoup the money he had invested in it. Lyons operated Deco XXIII until March 1989. Matthews did not sell Deco XXIII to Lyons, and he still owns it. Lyons' son, Mark, had a corporation, Mark Lyons Fisheries, Inc. (Fisheries). Matthews and Lyons agreed to have Fisheries operate Deco XXIII, although Matthews and Fisheries did not enter into an agreement whereby Fisheries would lease Deco XXIII from Matthews. Fisheries did not take depreciation deductions for Deco XXIII on its corporate returns for the 1985, 1986, and 1987 taxable years. Matthews lent Fisheries various amounts of money, which were reflected on Fisheries' returns *51 as loans. Petitioner also wrote checks on his law office account and on an account called the "Jon and Beth, Inc." for the fishing boat activity. [5]
Matthews did not keep any books and records for Deco XXIII. Lyons kept books and records for his fishing activities; Matthews never inspected these books and records. Petitioners did not substantiate any expenses related to Deco XXIII. Matthews spent little time on the fishing activity during the years in issue. He has never made a profit from such activity. Respondent concedes that there were no elements of personal pleasure with respect to the fishing activity. The Fuel Boat Activity
Jeremiah Driscoll (Driscoll) and Thomas Dowd (Dowd) owned New York Marine Fuel Company, Inc. (the business), and operated a fuel boat called Kevin D. In 1984, Driscoll and Dowd sold the business and Kevin D. to Matthews *52 for $ 350,000; the sales price consisted of forgiveness of a $ 150,000 debt owed by the business to Matthews and a cash payment of $ 200,000. Three hundred twenty-eight thousand dollars of the purchase price was allocated to Kevin D. Driscoll was captain of Kevin D. for at least a portion of the years in issue. Matthews had Kevin D. inspected and appraised before purchasing it. One reason Matthews purchased Kevin D. was to provide his son Timothy (Timothy) with a business. Neither Matthews nor Timothy had experience in the marine fuel delivery industry. However, Matthews consulted only with Driscoll and Dowd before purchasing Kevin D.
Matthews formed New York Marine Fuel Services, Inc. (Marine), and he owned 100 percent of it during the years in issue. Marine is an accrual method taxpayer. Matthews leased Kevin D. to Marine. Matthews' oral agreement with Timothy was that Marine would pay Matthews monthly rent of $ 4,000 for Kevin D. out of any profits. No rent was paid because no profits were made, but Marine's corporate returns reflect a deduction for rent. However, Marine did not take depreciation deductions on its corporate returns for Kevin *53 D. for the years in issue. Matthews did not maintain books and records for Kevin D. If any books and records for Kevin D. were kept, they were kept by Timothy and Timothy's wife. A separate checking account was kept for Kevin D., but not by Matthews. In 1987, Matthews purchased the fuel boat called Linekin Islander for $ 115,000. The reason Matthews purchased Linekin Islander was to assist his son in building his business. The rental agreement was not an arm's-length transaction. Because he was trying to help his son's business, Matthews did not request additional rent for Linekin Islander. Petitioners did not report any gross receipts or other gross income from the fuel boat activity for any of the years in issue. Petitioners did not report any gross income or deductions from the fuel boat activity on their 1985 Federal income tax return. Petitioners reported depreciation deductions on Schedule C of their 1986 Federal income tax return, but no gross income or other expenses. Petitioners reported depreciation expense on Schedule E, Supplemental Income Schedule, of their 1987 Federal income tax return and amended 1987 Federal income tax return, but *54 no gross income or other expenses. Petitioners claimed depreciation deductions for Kevin D. and Linekin Islander as follows: Year
Kevin D.
Linekin Islander
1985
-- -- 1986
$ 21,667
-- 1987
21,667
$ 6,389
Depreciation for Kevin D. was computed using a basis of $ 325,000; the depreciation for Linekin Islander was computed using a basis of $ 115,000. Respondent concedes that there were no elements of personal pleasure with respect to Kevin D. or Linekin Islander. Matthews sold Linekin Islander for $ 150,000, but he still owns Kevin D.
OPINION Section 183
Section 183[6] generally limits the amount of expenses that may be deducted with respect to an activity "not engaged in for profit". Sec. 183(a). For this purpose, an activity is "not engaged in for profit" if deductions are not allowable for the taxable year under section 162 or section 212(1) or (2). Sec. 183(c). *55 The test for determining whether a taxpayer engaged in an activity for profit is whether the taxpayer entered into, or continued, the activity "with the actual and honest objective of making a profit". Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). The taxpayer's expectation of profit need not be reasonable; however, he or she must have a good-faith objective of making a profit. Allen v. Commissioner, 72 T.C. 28, 33 (1979); Holbrook v. Commissioner, T.C. Memo. 1993-383; sec. 1.183-2(a), Income Tax Regs.
Whether petitioners engaged in their boat activities with the requisite profit objective is determined from the facts and circumstances of the case. Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); Westbrook v. Commissioner, T.C. Memo. 1993-634; sec. 1.183-2(a) and (b), Income Tax Regs. More weight is given to objective facts than to petitioners' statements *56 of their intent. Ranciato v. Commissioner, T.C. Memo. 1993-536; sec. 1.183-2(a), Income Tax Regs. Petitioners bear the burden of proof. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The following factors, which are nonexclusive, aid in determining if an activity is engaged in for profit: (1) The manner in which the taxpayer carries on the activity, (2) the expertise of the taxpayer or his advisers, (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value, (5) the success of the taxpayer in carrying on other similar or dissimilar activities, (6) the taxpayer's history of income or losses with respect to the activity, (7) the amount of occasional profits, if any, which are earned, (8) the financial status of the taxpayer, and (9) elements of personal pleasure or recreation. Holbrook v. Commissioner, supra; sec. 1.183-2(b), Income Tax Regs. No single factor is dispositive, Golanty v. Commissioner, supra at 426; sec. 1.183-2(b), Income Tax *57 Regs., and a profit objective does not hinge on the number of factors satisfied, sec. 1.183-2(b), Income Tax Regs.
The Fishing Boat Activity
With respect to the manner in which petitioners carried on the activity, one indicium of an activity engaged in for profit is a taxpayer's businesslike conduct of an activity. Sec. 1.183-2(b)(1), Income Tax Regs. This includes the keeping of complete and accurate books and records. Id. Petitioners did not do so. Matthews also did not have a separate account he used only for the fishing boat activity; he wrote checks on several different accounts, including his individual account and his law office account. In preparing for an activity, a taxpayer need not make a formal market study, but should undertake a basic investigation of the factors that would affect profit. Underwood v. Commissioner, T.C. Memo. 1989-625; Burger v. Commissioner, T.C. Memo. 1985-523, affd. 809 F.2d 355 (7th Cir. 1987). Petitioners failed to do so. Similarly, petitioners did not present evidence that they prepared to enter the fishing business by study of its practices *58 or by consultation with experts, which might indicate a profit motive. Sec. 1.183-2(b)(2), Income Tax Regs.
Another factor is the time and effort expended by petitioners in carrying on the activity. Sec. 1.183-2(b)(3), Income Tax Regs. Matthews spent "little" time on the fishing boat activity, and petitioners presented no evidence that Vera C. Matthews was involved at all. Another factor to consider is petitioners' expectation that assets used in the activity may appreciate in value. Sec. 1.183-2(b)(4), Income Tax Regs. Petitioners presented no evidence that they expected Deco XXIII or any other assets used in the fishing boat activity to increase in value. With respect to petitioners' history of losses from the activity, we note that losses due to fortuitous circumstances, such as depressed market conditions, are not an indication that the activity is not engaged in for profit. Sec. 1.183-2(b)(6), Income Tax Regs. Petitioners presented no evidence that the losses were attributable to fortuitous circumstances. In fact, in 2 out of the 3 years in issue, petitioners reported no gross receipts at all from the fishing activity. Losses continuing beyond the period customarily *59 necessary to make an activity profitable, if not explainable, may indicate that the activity is not engaged in for profit. Sec. 1.183-2(b)(6), Income Tax Regs. Petitioners' series of losses is in the early years of the activity, which renders us more sympathetic to petitioners, see sec. 1.183-2(b)(6), Income Tax Regs., and petitioners did attempt to increase the profitability of the fishing operation by hiring Lyons, which is an indication of a profit motive, sec. 1.183-2(b)(1), Income Tax Regs.
"The presence of personal motives in carrying on of an activity may indicate that the activity is not engaged in for profit, especially where there are recreational or personal elements involved." Sec. 1.183-2(b)(9), Income Tax Regs. Respondent has conceded that petitioners did not derive personal pleasure from the fishing boat activity. However, Matthews entered the activity not to make a profit, but rather to help Client and to secure his attorney's fees. These motivations for entering the activity may be an indication that Matthews continued to engage in the activity without a concern for whether the operation was profitable. A review of the entire record of this case in the context *60 of these factors persuades us that petitioners did not engage in the fishing boat activity with the requisite profit motive during the years in issue. Petitioners did not carry on the activity in a businesslike manner; they had no expertise in the fishing business and did not consult expert advisers; they devoted only a small amount of time to the activity; they had no reasonable expectation that assets used in the activity would appreciate in value; they have a history of losses from the activity with no gross receipts at all for 2 of the 3 years in issue. The Fuel Boat Activity
Petitioners did not conduct the fuel boat activity in a businesslike manner. They did not keep complete and accurate books and records. See sec. 1.183-2(b)(1), Income Tax Regs. Petitioners did not make a formal market study or undertake a basic investigation of the factors that would affect profit. See Underwood v. Commissioner, supra; Burger v. Commissioner, supra.Similarly, petitioners did not present evidence that they prepared to enter the fuel delivery business by study of its practices or by consultation with experts, *61 which might indicate a profit motive, had they followed such advice. Sec. 1.183-2(b)(2), Income Tax Regs.
Petitioners spent very little time on the fuel boat activity, which actually was intended to be Timothy's business. See sec. 1.183-2(b)(3), Income Tax Regs. Other than their sale of Linekin Islander at a small profit, petitioners presented no evidence that they expected the assets used in the activity to appreciate in value. See sec. 1.183-2(b)(4), Income Tax Regs.
Petitioners also presented no evidence that their history of losses from the fuel boat activity was caused by fortuitous circumstances. See sec. 1.183-2(b)(6), Income Tax Regs. In addition, petitioners reported no gross receipts at all for the fuel boat activity for any of the years in issue. Losses continuing beyond the period customarily necessary to make an activity profitable, if not explainable, may indicate that the activity is not engaged in for profit. Sec. 1.183-2(b)(6), Income Tax Regs. However, the series of losses is during the first few years of the fuel boat activity, a fact favorable to petitioners. See sec. 1.183-2(b)(6), Income Tax Regs.
Respondent has conceded that petitioners did *62 not derive personal pleasure from the fuel boat activity. However, Matthews bought both Kevin D. and Linekin Islander for personal purposes: to help his son start and continue a fuel delivery business. A review of the record of this case in the context of these factors persuades us that petitioners did not engage in the fuel boat activity with the requisite profit motive during the years in issue. Petitioners did not carry on the activity in a businesslike manner; they had no expertise in the fuel delivery business and did not consult with experts; they devoted little time to the activity; they had no real expectation that assets used in the activity would appreciate in value; they have reported losses from the activity; and Matthews had a personal purpose for engaging in the activity. Substantiation of Expenses
Deductions are strictly a matter of legislative grace; petitioners bear the burden of proving their entitlement to all deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933); see also Kuhl v. Commissioner, T.C. Memo. 1993-338. *63 Petitioners must also keep sufficient records to substantiate their claimed expenses and deductions. Sec. 6001. For the 1985 taxable year, petitioners claimed expenses on Schedule C of their Form 1040 for the fishing activity totaling $ 106,341, exclusive of depreciation, which have been disallowed by respondent. Respondent has subsequently conceded that petitioners substantiated expenses totaling $ 1,100. [7] Petitioners did not substantiate the remainder of these expenses, and we sustain respondent's determination for the remainder of such expenses. Investment Credit
Respondent disallowed petitioners' investment credit for an unnamed fishing boat in the amount of $ 4,750 for petitioners' 1985 taxable year, alleging that petitioners did *64 not substantiate their basis or ownership of the boat for which petitioners claimed a basis of $ 47,500. Petitioners presented no evidence, and the record does not reflect, ownership of such a fishing boat. Accordingly, we sustain respondent's determination on this issue. Depreciation
Deco XXIII
Respondent disallowed petitioners' depreciation deductions for all years in issue alleging that petitioners did not substantiate their basis in Deco XXIII. Petitioners substantiated a basis in Deco XXIII of $ 100,000 and are allowed depreciation deductions for the 1985 taxable year that reflect that basis. [8]
Based on the Court's determination that the fishing boat activity was not engaged in for profit, petitioners are limited each year in their deduction of expenses related to this activity by the gross income earned in the activity for that year. Sec. 183(b). Petitioners reported no income from the fishing boat activity for either *65 1986 or 1987. Thus, petitioners may not take depreciation deductions for the fishing boat activity for such years. Unnamed Fishing Boat
Respondent also disallowed petitioners' depreciation deductions for the unnamed fishing boat for which petitioners claimed a basis of $ 47,500. Because petitioners have produced no evidence regarding their basis in or ownership of this boat, we sustain respondent's determination on this issue. Kevin D. and Linekin Islander
Respondent disallowed petitioners' depreciation deductions for 1986 and 1987 for Kevin D., alleging that petitioners did not substantiate their basis in Kevin D. Respondent similarly disallowed petitioners' 1987 depreciation deduction for Linekin Islander, alleging that petitioners did not substantiate the purchase price of Linekin Islander. Because petitioners reported no income from the fuel boat activity for either 1986 or 1987, and the Court has determined that the activity was not engaged in for profit, we need not reach the issue of whether petitioners substantiated their bases in the fuel boats; petitioners are allowed no deductions for the fuel boat activity for such years. Sec. 183(b). *66 Additions to Tax
Failure to File Timely Return
Respondent determined that petitioners are liable for an addition to tax for failure to file a timely 1987 Federal income tax return. The failure to file a timely return, without reasonable cause, will subject a taxpayer to an addition to tax. Sec. 6651. The addition to tax consists of 5 percent of the amount of tax required to be shown on the return, if the failure to file is for not more than 1 month, with an additional 5 percent for each month or fraction thereof that the failure continues, not exceeding 25 percent in the aggregate. Sec. 6651(a)(1). Respondent has conceded that, due to a miscalculation, the deficiency for 1987 is less than the amount she originally determined. Petitioners did not timely file their 1987 Federal income tax return, and they have not demonstrated that their failure to timely file was attributable to reasonable cause and not willful neglect. See sec. 6651(a)(2). Accordingly, we sustain respondent's determination that petitioners are liable for this addition to tax; a Rule 155 computation will be necessary to determine the amount of the addition. Negligence
Respondent also asserted *67 that petitioners' underpayment of income taxes in each year was due to negligence or intentional disregard of rules or regulations, and determined an addition to tax for negligence under section 6653(a)(1) and (2) for petitioners' 1985 taxable year and under section 6653(a)(1)(A) and (B) for their 1986 and 1987 taxable years. For 1985, section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is attributable to negligence, and section 6653(a)(2) imposes an addition to tax equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. For 1986 and 1987, section 6653(a)(1)(A) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is attributable to negligence, and section 6653(a)(1)(B) imposes an addition to tax equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. Negligence includes a lack of due care or a failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioners *68 bear the burden of proving that respondent's determination of negligence is erroneous. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). We note that Matthews is an attorney and that petitioners prepared their own returns. We also note that petitioners did not submit a brief, despite our request. Petitioners presented no evidence on this issue; we sustain respondent's determination of additions to tax for negligence for all the years in issue. Substantial Understatement of Tax
Respondent also determined that petitioners are liable for additions to tax for substantial understatement of tax under section 6661 for all years in issue; at trial, respondent conceded the addition to tax for the 1987 taxable year. The amount of the section 6661 addition to tax for additions assessed after October 21, 1986, equals 25 percent of the amount attributable to the substantial understatement. Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002, 100 Stat. 1951; Pallottini v. Commissioner, 90 T.C. 498, 500-503 (1988). An understatement is substantial if it exceeds the greater of 10 percent of *69 the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). An understatement is reduced to the extent it is: (1) Based on substantial authority, or (2) adequately disclosed in the return or in a statement attached to the return. Sec. 6661(b)(2). Respondent's determination of an addition to tax for substantial understatements under section 6661 is presumed to be correct and petitioners bear the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Sandvall v. Commissioner, 898 F.2d 455, 459 (5th Cir. 1990), affg. T.C. Memo. 1989-56 and T.C. Memo. 1989-189. As petitioners presented no evidence on this issue, we sustain respondent's determinations for petitioners' 1985 and 1986 taxable years. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
2. Respondent conceded that this amount should have been $ 10,236.↩
4. Respondent conceded that this addition to tax is no longer applicable.↩
1. This amount is 50 percent of the interest on the deficiency.↩
3. Respondent conceded that this amount should have been $ 7,968.↩
1. For 1985, two computational adjustments are also in issue.↩
2. In accordance with the provisions of Rule 90, Tax Court Rules of Practice and Procedure, respondent requested admissions from petitioners. Under Rule 90(c), Tax Court Rules of Practice and Procedure, each matter in respondent's request for admissions is deemed admitted unless, within 30 days after service of the request, or within such shorter or longer time period as the Court may allow, petitioners file (1) a written answer specifically admitting or denying the matter involved in whole or in part, or asserting that it cannot be truthfully admitted or denied and setting forth in detail the reasons, or (2) an objection, stating in detail the reasons therefor. Petitioners did not so answer or object, and, accordingly, under Rule 90(e), Tax Court Rules of Practice and Procedure↩, respondent's requested admissions are conclusively established. The evidence established by these deemed admissions is included by this reference in our findings of fact.
3. Petitioners claimed depreciation deductions for the fishing activity for the years in issue as follows: Year
Depreciation
1985
$ 18,998
1986
19,235
1987
19,235
Petitioners' tax returns for each year in issue list two unnamed boats, one with a basis of $ 144,854, and the other with a basis of $ 47,500, and arrive at one amount for the total depreciation for the two boats. There is no other evidence in the record regarding a second boat.↩
4. At that time, the boat was called The Jon and Beth, but was still registered as Deco XXIII. James Lyons requested and received permission to change its name to Faith Ann. For the sake of clarity, we refer to the boat only as Deco XXIII↩.
5. In 1983, Matthews tried to organize a corporation called The Jon and Beth, Inc., but Matthews did not incorporate or register the corporation.↩
6. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
7. We note that, based on the Court's determination that the fishing activity was not engaged in for profit, petitioners are limited each year in their deduction of expenses related to this activity by the gross income earned in the activity for that year. Sec. 183(b)↩.
8. Respondent did not challenge petitioners' method of depreciation.↩