# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 00-60188
Summary Calendar

FRANK A. GRIESER,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

Appeal from the Decision of the United States Tax Court

(No. 15242-99)

August 29, 2000

Before POLITZ, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

POLITZ, Circuit Judge:[*]

Frank A. Grieser appeals the decision of the Tax Court dismissing his petition for relief and imposing a penalty under 26 U.S.C. § 6673. We affirm.

Background

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Grieser failed to file tax returns for the years 1993 through 1996. On June 16, 1999 the Commissioner of the Internal Revenue Service notified Grieser of deficiencies under 26 U.S.C. § 6212(b), and additions to tax under §§ 6651(a) and 6644 for failure to file. Grieser responded by filing with the IRS and Tax Court a writing entitled "Affidavit/Petition to Quash Notice of Deficiency for Lack of In Personam Jurisdiction" which he asked be deemed a "timely response" to the notices of deficiency.

The Commissioner moved to dismiss the petition for failure to state a claim and sought sanctions for a frivolous filing. The Tax Court directed Grieser to file an amended petition detailing his challenge to the IRS notices. Instead, Grieser sought to withdraw his petition without prejudice. This motion was denied, and the Tax Court dismissed Grieser's petition and imposed a $2000 penalty for a frivolous filing. Grieser timely appealed to this court.

## Analysis

Tax Court Rule 34(b) requires that a filing with the Tax Court challenging actions by the Commissioner of the IRS must set forth clear and concise assignments of error, including a statement of facts upon which the claimed errors are based. Under Rule 34(a) failure to satisfy these mandatory requirements is grounds for dismissal.

Even a cursory reading of Grieser's "Affidavit/Petition" and subsequent filing persuades beyond peradventure that the Tax Court did not err in dismissing his filing with prejudice. Grieser offered neither an assignment of errors nor any allegations of fact in ostensible support of any assignment of errors. Rather,

2

Grieser maintains that he is not subject to the Internal Revenue Code because he is "one of the sovereign American People" and not subject to any income tax imposed by the Congress.  He further contends that he has not filed tax returns for the years involved because he is not one of the "persons liable for paying income tax" and that he cannot be compelled to sign a Form 1040 because such would violate his Fifth Amendment right against self-incrimination.

We have heretofore rejected such contentions as frivolous in **Parker v. Commissioner, IRS**[1] and now do so again, affirming the Tax Court dismissal herein.

We likewise affirm the penalty imposed by the Tax Court.  Section 6673 of the Tax Code authorizes the imposition of damages against a taxpayer who institutes frivolous proceedings.  We have held that such an assessment by the Tax Court will be reversed only for an abuse of discretion.[2]  Grieser evidenced no interest "in disputing the merits of either the deficiencies in income taxes or the additions to the tax . . . .  Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse his own misguided views."[3]  The Tax Court viewed his petition as consisting "solely of tax protestor rhetoric and legalistic gibberish."[4]  We fully agree.

---

[1]117 F.3d 785 (5th Cir 1999).

[2]**Sandoval v. Commissioner, IRS**, 898 F.2d 455 (5th Cir. 1990).

[3]**Grieser v. Commissioner, IRS**, T.C. No. 15242-99 (Dec. 1, 1999) (unpublished).

[4]**Id**.

The judgment of the Tax Court is in all respects AFFIRMED.  Grieser is cast for all costs of this appeal.