T.C. Memo. 2001-154


UNITED STATES TAX COURT


LOU DESERIO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20581-98.                    Filed June 27, 2001.


Lou Deserio, pro se.

<u>Erin K. Huss</u>, for respondent.


MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent filed two motions, one seeking dismissal for lack of prosecution and the other seeking damages against petitioner under section 6673(a)(1).[1]  We consider the

---

[1] All section references are to the Internal Revenue Code, in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise
(continued...)

merits of those motions. This case was scheduled for trial at the Court's Phoenix, Arizona, trial session beginning January 29, 2001. Petitioner failed to appear, and respondent filed the above-referenced motions. The Court, by an order dated January 29, 2001, directed petitioner to show cause, if any, why respondent's motions should not be granted.

Respondent determined that petitioner has deficiencies in and additions to Federal income tax as follows:

| | | Additions to Tax | |
| --- | --- | --- | --- |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1992 | $58,789 | $14,697 | $2,564 |
| 1993 | 100,681 | 25,170 | 4,218 |
| 1994 | 127,233 | 31,808 | 6,602 |
| 1995[1] | 2,438 | 609 | 134 |
| 1996[2] | 1,810 | 362 | 95 |

[1] The deficiency and additions to tax amounts at issue differ from the amounts in the Notices of Deficiency dated Sept. 23, 1998, pursuant to the Court's order dated Feb. 11, 2000.
[2] See supra note 1.

Background

In support of his motions, respondent explains that on several occasions petitioner was invited to stipulate the facts in compliance with this Court's Rules and pretrial order; however, petitioner was unresponsive. Although petitioner answered respondent's request for admissions, he failed to respond to interrogatories or requests for the production of

_____

[1](...continued)
indicated.

documents. When petitioner did agree to meet with respondent, petitioner did not effectively engage in meaningful preparation of his case for trial as required by this Court's Rules and pretrial order. Respondent points out that, in general, petitioner was uncooperative and failed to comply with the letter or the spirit of this Court's Rules or its pretrial order.

Petitioner assigned his income-generating activities to trusts or other entities by means of transactions that respondent determined lacked economic substance.[2] The notices of deficiency, among other adjustments and explanations, contain the following explanatory paragraphs concerning petitioner's business income and his relationship to the trusts:

> Since the trust arrangement is a sham with no economic substance, it is disregarded for tax purposes. Your business income is increased by the gross receipts of the Photo Art Marketing enterprises Trust and Photo Art Publishing Trust and decreased by the ordinary and necessary expenses of carrying on those business[es]. * * *

> Alternatively, your business income is increased because the Photo Art Marketing enterprise Trust and the Photo Art Publishing Trust are grantor trusts whose incomes are taxable to you individually. * * *

>     *      *      *      *      *      *      *

---

[2] Petitioner has chosen to attack the Commissioner's and this Court's jurisdiction to delve into his relationship with his trust and has adduced no evidence to show that the substance of the Government's determination is in error. Petitioner admits, in response to respondent's request for admissions, that he transferred his business to the trust(s).

Alternatively, it is determined that the attempted assignment of your income to Photo Art Marketing Enterprises Trust and/or Photo Art Publishing Trust is not recognized for Federal Income Tax purposes and that such income is taxable to you individually.

Since 1992, petitioner has sent documents to respondent that contain statements and/or that take positions that do not address the substance and merits of respondent's determination. Respondent has labeled petitioner's arguments as frivolous. For example, petitioner has attempted to revoke his returns, or signatures thereon, that he had filed with the IRS. Petitioner has continually asserted that the IRS and its officers and agents have no authority over him, and on one occasion petitioner explained his position regarding his Fifth Amendment privilege vis-a-vis the income tax. Petitioner has continually refused to submit information to respondent regarding the trusts and a limited liability corporation.

Petitioner's tax proceeding has been pending in this Court since the December 28, 1998, filing of his petition. In that petition, petitioner alleges that this Court lacks subject matter jurisdiction over questions involving related trusts. Although petitioner's expression of his position is somewhat elusive, his contention appears to be that respondent has no authority to make any determination with respect to petitioner's trusts or other entities. Respondent has determined that petitioner's trust and/or other entities are to be disregarded for purposes of

determining petitioner's Federal income tax.  Petitioner contends that such a determination is one that must be made by the judicial branch of Government and in particular by an Article III judge.  Apparently, petitioner's premise is that the disregarding of his entities for tax purposes is tantamount to the dissolution of the entities.

Petitioner's position is without foundation or support.  For purposes of Federal income taxation, respondent may make determinations disregarding the form of the transaction and/or that income may not be assigned to another and/or that an entity may be ignored or disregarded.  See Lucas v. Earl, 281 U.S. 111 (1930).  These principles have been extant for more than 70 years.  Petitioner has concocted a theory by which he attempts to attack collaterally the authority of the Commissioner to make such determinations.  In light of established precedent, we find petitioner's theory and reasoning to be wholly without support and frivolous.

Petitioner advances the same reasoning in his argument that Judges of this Court are without authority and/or subject matter jurisdiction to make decisions regarding trusts or other entities.  This Court is statutorily authorized and empowered to make decisions regarding petitioner's income tax liability and whether respondent's determination to disregard an entity in that context is in error.  Petitioner, however, has not chosen to

attack the merits of respondent's determination and has refused and/or failed to prepare and present any such arguments to this Court.

Respondent's Motion To Dismiss for Lack of Prosecution

Respondent has moved to dismiss this case due to petitioner's lack of prosecution and for this Court to enter a decision that petitioner is liable for deficiencies in and additions to Federal income tax in the full amounts set forth in the notices of deficiency for 1992, 1993, and 1994 and in reduced amounts for 1995 and 1996. Petitioner does not allege that respondent's allegations in support of his motions are incorrect. In response to respondent's motions and this Court's order to show cause, petitioner merely counters that this Court and respondent are without authority to determine or decide any income tax deficiencies regarding certain entities (trusts and a limited liability corporation).

Petitioner has not complied with this Court's pretrial order that required his preparation of this case for trial, including the exchange of information and stipulation of facts. Petitioner has not cooperated with respondent's efforts to comply with this Court's Rules. Petitioner did not appear for trial or otherwise offer evidence that would show that respondent's determination is in error. Respondent has not been shown to bear the burden with respect to any of the adjustments or determinations contained in

the notices of deficiency. Wherefore, we hold that respondent's motion to dismiss for lack of prosecution will be granted and a decision entered against petitioner.

Respondent's Motion for Damages Under Section 6673(a)(1)

Under section 6673(a)(1), the Court may require a taxpayer to pay a penalty not in excess of $25,000 if it appears that a proceeding was instituted or maintained primarily for delay and/or a taxpayer's position is frivolous or groundless and/or a taxpayer fails unreasonably to pursue available administrative remedies. Respondent contends that petitioner failed to pursue administrative remedies or cooperate in the development of this case and that petitioner has, since 1992, advanced frivolous positions in documents sent to respondent.

We have found petitioner's argument that the Commissioner and this Court have no authority or jurisdiction to determine and/or decide that income of certain entities should be imputed to petitioner to be frivolous. Taxpayers have been making the same argument for over a decade, and other courts have already found such arguments to be frivolous. In Sandvall v. Commissioner, 898 F.2d 455, 458 (5th Cir. 1990), affg. T.C. Memo. 1989-189 and T.C. Memo. 1989-56, a case involving substantially the same type of determination as was made for petitioner herein, the Court of Appeals for the Fifth Circuit rejected "as patently frivolous the * * * [taxpayers'] contention that the Tax Court

had no authority to impute * * * [an entity's] income to * * * [the taxpayers]." In addition to section 6673 penalties imposed by the Tax Court, the Court of Appeals for the Fifth Circuit in <u>Sandvall v. Commissioner</u>, <u>supra</u>, awarded $3,000 in damages, in part, because of the taxpayers' "frivolous and meaningless arguments." <u>Id.</u> at 460.

Because petitioner unreasonably failed to avail himself of his administrative remedies and, more particularly, because petitioner has advanced frivolous arguments, we hold that he is liable for a $5,000 penalty under section 6673.

To reflect the foregoing,

<u>An appropriate order and decision will be entered.</u>