# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2010

No. 09-60375

Charles R. Fulbruge III
Clerk

HOWARD AND REBECCA PATE

Petitioners-Appellants

v.

COMMISSIONER OF INTERNAL REVENUE

Respondent-Appellee

Appeal from the Decision of the United States Tax Court

Before GARWOOD, WIENER, BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Petitioners-Appellants Howard and Rebecca Pate (individually "Mr. Pate" or "Mrs. Pate"; collectively "the Pates") appeal a decision from the United States Tax Court holding them liable for income tax deficiencies and penalties for their taxable years 2003 and 2004. We AFFIRM the decision of the Tax Court but REMAND for possible recalculation of the Pates' 2003 tax deficiency.

## I. Facts and Proceedings

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60375

The Pates were found liable for income tax deficiencies on income earned in 2003 and 2004. The Tax Court determined that the Pates had improperly reduced Mr. Pate's 2003 reported self-employed income earned from his pipe-inspection business by listing it as pass-through income to one "Pate Joint Venture" and off-setting that income with unsubstantiated "other expenses." The Pates employed a similar scheme in 2004 by reporting Mr. Pate's self-employed income as pass-through income to one "Pate Association" and off-setting that income with improper deductions. Mrs. Pate's salary as a school teacher from those years was also listed as income of the "Joint Venture" and the "Association" respectively.

At trial, the Pate's testified that these entities were set up on the advice of their CPA to bring all their income streams together and thereby simplify their affairs and minimize their tax liability. In support of their claimed deductions, the Pates asserted *inter alia* that they were entitled to specified deductions related to a purported cattle-raising enterprise. The Pate's testified that in those years they raised approximately 30 head of cattle for profit on their 52-acre homestead. The Tax Court concluded that (1) that the sparse record does not reflect that the cattle-raising enterprise was operated with an honest profit objective and (2) the court did not need to conduct a detailed analysis of this issue because the Pates had failed to identify or explain, either on their tax returns or through testimony, any disputed items proffered in support of deductions from the cattle-raising enterprise. The Tax Court found the Pates to have tax deficiencies for the 2003 and 2004 taxable years, including penalties, of $14,647 and $17,446.00 respectively.

No. 09-60375

The Pates' sole claim on appeal[1] is that the Commissioner of the Internal Revenue Service erred in not allowing particular deductions purportedly related to the Pates' alleged cattle-raising enterprise, which they insist was a legitimate profit-seeking business. The Commissioner vigorously disputes this contention, acknowledging only that a minor clerical error was made by the Tax Court in computing the Pates' 2003 tax liability for the correction of which the government seeks limited remand.

## II. Analysis

The Commissioner's determination of tax deficiency is presumptively correct.[2] When a deficiency results from the disallowance of a deduction, the taxpayer has the burden of demonstrating entitlement to the deduction.[3] The Tax Court's determination of a taxpayer's entitlement to a deduction is a question of fact and is reviewed for clear error,[4] as is the question of profit motive.[5] "The clear error standard of review 'precludes reversal . . . unless the court is left with a definite and firm conviction that a mistake has been committed.'"[6]

It is axiomatic that income is taxed to the person who earns it and that the law will not recognize attempted avoidance or evasion by which the "fruits are

---

[1] The Pates pose three issues on appeal in their brief but each is merely a reiteration of their argument that the cattle raising enterprise was a profit-seeking business entitling them to deductions from their income.

[2] *Payne v. Commissioner*, 224 F.3d 415, 420 (5th Cir. 2000).

[3] *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992).

[4] *Sandvall v. C.I.R.*, 898 F.2d 455, 458  (5th Cir. 1990).

[5] *Westbrook v. Commissioner*, 68 F.3d 868, 876 (5th Cir. 1995) (per curiam).

[6] *Houston Independent School Dist. v. V.P. ex rel. Juan P.*, 582 F.3d 576, 583 (5th Cir. 2009) (quoting *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 213 (5th Cir.2006) (omission not in original )).

No. 09-60375

attributed to a different tree from that on which they grew."[7] Although it is true that taxpayers have the right to organize their business affairs so as to minimize taxation,[8] business entities that are created as shams or fictions merely to avoid tax liability will be disregarded by the law.[9]

The Pates' brief is essentially a narrative of facts purporting to establish that their cattle-raising enterprise was a profit-seeking business, entitling them to particular deductions from their taxable income in 2003 and 2004. This narrative covers much of the ground of the Pate's testimony at trial, but it is utterly devoid of citation to the record. Furthermore, our review of the entire record on appeal demonstrates that many of the facts on which the Pates' seek to rely are not supported therein. And, even though we construe *pro se* briefs like the Pates' liberally, parties are nevertheless required to assist the court's determination by pointing to factual support in the record.[10] Arguments that fail to do so are deemed waived;[11] we do not as a matter of course enlarge the record beyond that which was presented to the trial court.[12]

Limiting our review to the contents of the record on appeal, we conclude that the Pates' contention is unavailing. Nothing in the record creates the "definite and firm conviction" that a mistake was made by the Tax Court. The Pates' own testimony proves that the "Pate Joint Venture" and the "Pate

---

[7] *Lucas v. Earl*, 281 U.S. 111, 114 (1929).

[8] *Gregory v. Helvering*, 293 U.S. 465, 469 (1935).

[9] *Moline Props., Inc. v. Commissioner*, 319 U.S. 436, 439 (1943).

[10] *See* Fed. R. App. P. 28(e).

[11] *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (stating that *pro se* parties are required to cite specifically to the record and that inadequately briefed arguments will not be preserved).

[12] *See McIntosh v. Partridge*, 540 F.3d 315, 327 (5th Cir.2008) (internal citations omitted).

4

No. 09-60375

Association" were sham entities created solely to avoid or minimize tax liability, and neither the 2003 and 2004 returns nor anything else in the record support the Pates' contention that the cattle-raising enterprise supported the claimed tax deductions.  The record does, however, reflect that (1) Mr. Pate earned self-employed income in 2003 and 2004 as a pipe inspector, working approximately 250 days a year away from home; (2) this income was improperly passed through the sham entities on the Pates' 2003 and 2004 tax returns, and (3) this self-employed income was reduced by deductions that were not attributable to cattle-raising expenses or to any other documented business expense.  Accordingly, we hold that the Tax Court was justified in (1) deeming the "Pate Joint Venture" and "Pate Association" to be shams or fictions designed only as vehicles to avoid reporting income and paying taxes; (2) refusing to recognize the Pate's purported cattle-raising enterprise as a bona fide profit-seeking business which could support income deductions from Mr. Pate's self-employed income; and (3) disallowing the Pates' claimed deductions from the cattle-raising activity.

On appeal, however, the government, has raised *sua sponte* its discovery that the Commissioner failed to account for an allowable legal expenses deduction of $425.00 in the deficiency calculation for the Pates' 2003 taxes.  We take no position on this question, but we AFFIRM the Tax Court's judgment in all respects except for the exclusion of that $425.00 deduction and REMAND that question to the Tax Court for the limited purposes of (1) determining whether the 2003 deficiency erroneously excluded the $425.00 deduction and (2), if so, recalculating the 2003 tax deficiency.

AFFIRMED AND REMANDED.

5